[L. A. No. 135. Department Two.—December 31, 1896.]

## WILLIAM A. FRICK ET AL., APPELLANTS, *v.* CITY OF LOS ANGELES, RESPONDENT.

MUNICIPAL CHARTER — REQUIREMENT OF WRITTEN CONTRACTS—CONSTITUTIONAL LAW—CONFLICT WITH GENERAL LAWS—FORMATION OF CONTRACTS.—Section 207 of the charter of the city of Los Angeles (Stats. 1889, p. 506), requiring contracts of the city to be in writing and signed by the mayor or some other person authorized thereto, in behalf of the city, is. constitutional and valid, and is not in conflict with the provisions of the Civil Code concerning the manner of creating contracts, nor void under section 6 of article XI of the constitution, which declares that such charters "shall be subject to and controlled by general laws."

ID.—CHARTER A STATUTE—CONSTRUCTION OF CODE.—The charter of the city of Los Angeles is, to the extent of its operation as a scheme of local government, a "statute" within the meaning of section 1622 of the Civil Code, providing that all contracts may be oral, except when required by statute to be in writing.

ID.—INVALID CONTRACT FOR SEWER—DAMAGES FOR PREVENTION OF PERFORMANCE—DEFECTIVE EXECUTION—ORDER FOR SIGNATURE BY MAYOR—EQUITY—CONJECTURAL LOSS OF PROFITS.—A contract for the construction of a sewer, signed only by the parties agreeing to do the work,

and not by the mayor, or by anyone authorized to sign it on behalf of the city, being invalid under the city charter, no action can be maintained for damages for prevention of its performance by the city; and the fact that the city council complied, on their part, with all the requirements of the charter, and ordered the mayor to sign the contract, does not give the signers a right in equity to have its defective execution aided and the contract treated as though signed by the mayor, no work having been done under the instrument and no detriment suffered by the signers, excepting the conjectural loss of profits which they might have made by performance of the contract, if it had been really made.

APPEAL from a judgment of the Superior Court of Los Angeles County. LUCIEN SHAW, Judge.

The facts are stated in the opinion.

*Clarence A. Miller*, and *R. J. Adcock*, for Appellant.

The charter provision requiring signature to city contracts conflicts with the code, and is unconstitutional. (Civ. Code, secs. 1549, 1550, 1582, 1622; Const., art. XI, sec. 6.) Equity will supply the omission of the mayor's signature, he having been ordered by the council to sign the contract. There was a contract between the contractor and the city council binding on both parties. (*Lucas* v. *San Francisco*, 7 Cal. 471, 472.) The doctrine of estoppel applies to cities as to individuals in matters of contract. (*Holland* v. *San Francisco*, 7 Cal. 377; *Touchard* v. *Touchard*, 5 Cal. 306.)

*W. E. Dunn*, and *Albert Crutcher*, for Respondent.

The city charter is valid, and the requirement of a written contract on behalf of the city, in the mode prescribed by the charter, is binding. (*Zottman* v. *San Francisco*, 20 Cal. 96; 81 Am. Dec. 96; *McCoy* v. *Briant*, 53 Cal. 250; *Branham* v. *San Jose*, 24 Cal. 585; *Wallace* v. *San Jose*, 29 Cal. 181; *Los Angeles Gas Co.* v. *Toberman*, 61 Cal. 200.) When the charter of a municipal corporation authorizes a contract to be made by the corporate body in a certain mode, its officers and agents cannot bind it in any other manner. (*McDonald* v. *Mayor etc.*, 68 N. Y. 23; 23 Am. Rep. 144; *Keeney* v.

*Jersey City*, 47 N. J. L. 449; *Parr* v. *Greenbush*, 72 N. Y. 463; *Brady* v. *New York*, 20 N. Y. 312; *McBrian* v. *Grand Rapids*, 56 Mich. 95; *Goose River Bank* v. *Willow Lake School Tp.*, 26 Am. St. Rep. 607, and cases cited.)

BRITT, C.—Plaintiffs claim damages in this action for the alleged prevention of performance, on their part, of the stipulations contained in a certain paper writing, which they say is a contract between themselves and the defendant for the construction of a public sewer. It is declared by section 207 of the city charter (printed with Stats. 1889, p. 506) that "the city of Los Angeles shall not be, and is not, bound by any contract, or in any way liable thereon, unless the same is made in writing by order of the council, the draft thereof approved by the council, and the same ordered to be, and be, signed by the mayor or some other person authorized thereto, in behalf of the city." It is not in terms alleged in the complaint that the city entered into a contract with plaintiffs expressed by said paper writing, but the pleader set forth the proceedings taken by the parties looking to the creation of such a contract. It thus appears that plaintiffs signed the instrument, and that the council, in which is vested the legislative power of the city, took the several steps required of it by the above-quoted portion of said section 207 in order to impart validity to such instrument as a municipal contract, and ordered the mayor to sign the same on behalf of the city; but it is not shown that it ever was so signed. The court sustained a demurrer to the complaint and dismissed the action.

Plaintiffs' main contention is that the provision of the charter requiring contracts of the city to be in writing and signed by the mayor, or some other person authorized thereto, in behalf of the city, is in conflict with the general law of the state concerning the manner of creating contracts, and therefore void under the clause of the constitution (Const., art. XI, sec. 6) declaring that such charters "shall be subject to and controlled by gen-

eral laws." Numerous sections of the Civil Code are supposed to be thus contravened; as section 1550, declaring the essentials of a contract, capable parties, their consent, etc.; section 1582, allowing acceptance of a proposal to be communicated in any reasonable and usual mode; section 1622, providing that all contracts may be oral except such as are by statute required to be in writing; and the like. Without examining all the propositions on which plaintiffs found their somewhat elaborate argument, we may admit that the charter provision under view required some ceremony for the formation of a contract and the manifestation of the city's consent thereto in addition to the essentials of like obligations described and declared in the general law devoted to the subject of contracts; so has the law of such corporations time out of mind; such formalities are fixed by the charter as the particular method by which the municipal officers must accomplish the object of bringing the city into a contract, but do not on that account add to or take from the constituents of a valid contract declared by the general law. Section 223 of the charter declares void any indebtedness (with certain exceptions) contracted by the city in excess of two million dollars; the code imposes no such limitation on the freedom of contracts; yet we suppose there is no conflict between the charter and the code in this particular. Section 62 requires the sureties on the bonds of city officers to be owners of real estate in the city or county of Los Angeles; no such restriction on the right to become a surety is contained in the code sections relating to the competence of parties to contracts, or in those which treat specially of the law of suretyship; but it will hardly be contended that on this account the qualification required of such sureties is void. As to the provision of section 1622 of the Civil Code, that all contracts may be oral except when required by statute to be in writing, if we concede that it has relevancy to the controversy here, we are yet clearly of opinion that the charter, to the extent of its

purposes as a scheme of municipal government, is a "statute" within the meaning of that section; it is undoubtedly a law, though of local operation; the constitution declares it to be the organic law of the city (Const., art. XI, sec. 8); it is of course a written law, and for very many purposes the terms "statute" and "written law" are used indifferently. (See Anderson's Law Dictionary, tit. Statute; 1 Blackstone's Commentaries, 85, 475.)

It is urged that "in equity" the instrument must be regarded as though the mayor had signed it. Nothing appears in the complaint tending to bring the case within any principle on which equity aids or ignores the defective execution of an instrument. The charter provided a mode in which the city could become bound, and certainly equity will not decree that it shall be bound in some other way in favor of parties who have suffered no detriment except the conjectural loss of profits they might have made by performance of the contract if it had become really an obligation of the city. (*Santa Cruz Rock Pavement Co.* v. *Broderick*, 113 Cal. 628; *Los Angeles Gas Co.* v. *Toberman*, 61 Cal. 200; *Zottman* v. *San Francisco*, 20 Cal. 96; 81 Am. Dec. 96.)

The judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.