[S. F. No. 2759.    Department Two.—July 17, 1903.]

TIMES PUBLISHING COMPANY, Appellant, v. S. T. WEATHERBY, Treasurer of City of Eureka, Respondent.

MUNICIPAL CORPORATIONS—VOID CONTRACT FOR CITY PRINTING—FAILURE TO COMPLY WITH CHARTER—MANDAMUS.—A contract for city printing, though let to the lowest bidder, under sealed proposals, if not made as required by a valid, stringent, and prohibitive provision of the city charter declaring that the city shall not be bound by any contract or in any way liable thereon, unless made in writing or under the authority of a special ordinance, as provided for therein, is invalid; and *mandamus* will not lie to compel the city treasurer to pay a warrant allowed by the city council for printing done under such invalid contract.

APPEAL from a judgment of the Superior Court of Humboldt County.    E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. H. G. Weaver, for Appellant.

J. F. Coonan, and E. P. Campbell, for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendant in a proceeding in *mandamus* to compel the defendant, as treasurer of the city of Eureka, to pay a warrant duly drawn upon him in favor of plaintiff for $239.20 for printing done by plaintiff for the city.

On August 17, 1899, the city council duly ordered the city clerk to advertise for sealed proposals for doing the city printing for the year commencing September 1, 1899, and the clerk so advertised. Sealed bids were received and opened by the city council on August 21st, and among them was a bid of appellant, which was, on said last-named day, accepted by the council; and thereupon the appellant entered upon the work of doing the city printing. Afterwards the appellant presented his demand to the council for work done, which was embraced in said bid, and the council duly audited the same and ordered that a warrant be drawn therefor. In accordance with such order, the city clerk drew the warrant which is the subject of this action, and it was also signed by the mayor, as required by the city charter. Appellant presented the warrant to the respondent and demanded payment, but payment was refused. The ground upon which respondent failed to pay the warrant was, that no valid contract for printing was made as required by the city charter.

Section 167 of the charter has this sweeping provision: "The city of Eureka shall not be, and is not, bound by *any contract,* or in any way liable thereon, unless the same is made in writing by order of the council, and the draft thereof approved by the city attorney and the council and the same ordered to be and be signed by the mayor or some other person authorized thereto in behalf of the city; but the council, by an ordinance, may authorize an officer, committee, or agent of the city to bind the city without a contract in writing for the payment of any sum of money not exceeding three hundred dollars."

There was no compliance with this provision touching the printing here involved, and it is so stringent and prohibitive, and so comprehensive in its scope, that we see no way to protect appellant from the harsh consequences which follow the neglect to have the contract executed as required by the

charter.  That the charter provision is a valid one was determined in *Frick* v. *Los Angeles,* 115 Cal. 512, which case, in other respects, is determinative of the contention of appellant in the case at bar.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.