[L. A. No. 3773.   Department Two.—July 24, 1916.]

C. B. REAS, Respondent, v. VICTOR CLEMENCE et al., Defendants; J. W. BARNES et al., Appellants.

PARTITION OF LAND AND PUMPING PLANT—RECEIVER NOT AUTHORIZED—
PLAINTIFF NOT DISTURBED IN POSSESSION OR USE OF PROPERTY.—
In a suit for the partition of land, together with a well and pumping plant used in connection therewith, in which a large number of persons are interested as tenants in common, the plaintiff is not entitled to an *ex parte* appointment of a receiver to take possession of the property and operate the pumping plant, where no tenant in

common is attempting to oust him or is in any way interfering with his common possession and use of the property, or otherwise endangering his rights.

APPEAL from an order of the Superior Court of Los Angeles County appointing a receiver. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellants.

Ben S. Hunter, and Jay E. Randall, for Respondent.

SHAW, J.—This is an appeal from an *ex parte* order appointing a receiver upon the application of the plaintiff, and based solely upon the allegations of the complaint. The appellants claim that the facts stated do not justify the appointment of a receiver.

The complaint stated a cause of action for partition of a tract of land. It is alleged that the plaintiff and defendants own, as tenants in common, the land, together with the well, pumping plant, and pipe-line used in connection therewith, situated upon the premises, and that they are now in possession thereof. The order appointing the receiver authorized him to take possession of the premises, operate the pumping plant, distribute the water obtained therefrom, and incur such indebtedness as should be necessary for said purposes. According to the allegations of the complaint there are 168 persons interested as tenants in common in the land, each owning a small interest therein. The area of the land is not stated. The facts upon which the order appointing the receiver is based are that the plaintiff and many of the defendants are dependent upon the water from the aforesaid pumping plant for irrigation and domestic use, that the plaintiff has ten acres in vegetables and fruit which must be irrigated to keep them alive, and that his only source of water is from said well and pumping plant, that the owners of the tract cannot agree among themselves for the management and operation of the pumping plant, that it had not been operated during the ten days preceding the filing of the complaint, during which time the plaintiff and many other parties had been wholly deprived of the water for domestic use and irrigation, whereby their crops have been in-

jured, and that they will continue to be injured and, unless water is supplied soon, will be wholly lost.

We do not think the facts stated justify the extraordinary remedy of the appointment of a receiver. It appears that the parties are in possession of the property, including the pumping plant, and it does not appear that any one of the tenants in common is in exclusive possession of the pumping plant, or is hindering or preventing any other tenant in common from operating the same. There is nothing to indicate that the plaintiff is not abundantly able to operate the pumping plant for his own use, or that it is so situated that he cannot do so and thereby obtain whatever water he desires. It is true that a receiver may be appointed in a partition suit whenever facts appear which justify such appointment. (*Goodale* v. *Fifteenth Dist. Court,* 56 Cal. 26.) But, as that case abundantly shows, there is no precedent for the appointment of a receiver in a partition suit, where no tenant in common is attempting to oust the plaintiff or is in any way interfering with his common possession and use of the property, or otherwise endangering the rights of the plaintiff therein.

The order is reversed.

Henshaw, J., and Lorigan, J., concurred.