[Civ. No. 3711. Second Appellate District, Division One.—March 20, 1922.]

## CORA M. MORGAN, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation), Respondent.

[1] MUNICIPAL CORPORATIONS—LONG BEACH—CLERK IN DEPARTMENT OF PUBLIC AFFAIRS — UNAUTHORIZED EMPLOYMENT — CHARTER.— In view of section 16 of article XV of the charter of the city of Long Beach, providing that nominations by the commissioner of public affairs of persons to fill all offices created under section 15 must be confirmed by the votes of at least three commissioners, a person nominated to fill the office of secretary, stenographer, and clerk in the department of the commissioner of public affairs, which office was created by ordinance passed pursuant to said section 15, whose nomination was not confirmed by the commissioners, was not legally appointed and was not entitled to recover from the city for services performed.

[2] ID.—ORDINANCE—URGENCY MEASURE—EFFECT OF DECLARATION.— In the absence of facts showing urgency,     mere declaration

of a city council so declaring will not render the ordinance immediately operative.

[3] ID.—DECLARATION OF URGENCY—NONEXISTENCE OF FACTS—EFFECT UPON ORDINANCE.—The effect of declaring an urgency in the absence of the existence of facts justifying the declaration is not to avoid the ordinance, but merely to postpone the taking effect thereof until the period of thirty days has elapsed.

[4] ID.—EMPLOYMENT PRIOR TO GOING INTO EFFECT OF ORDINANCE— RIGHT TO COMPENSATION FOR SUBSEQUENT SERVICES. — Under an ordinance of the city of Long Beach authorizing the commissioner of public affairs to employ a designated number of persons for such work as might be required in the department of public charities, a person employed was entitled to compensation for services performed after the ordinance became effective, even though at the time of employment the ordinance, notwithstanding its declaration as an emergency measure, was not of that character by reason of the nonexistence of facts justifying such declaration.

[5] ID.—ORDINANCE — DECLARATION OF URGENCY MEASURE — LACK OF JUSTIFICATION—EFFECT UPON CONTRACTS.—A contract of employment made within thirty days after the passage of a municipal ordinance declared therein to be an urgency measure is unauthorized where no foundation exists for such declaration, but any contract, express or implied, made after the thirty days in pursuance of the ordinance is valid.  (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.  Reversed.

The facts are stated in the opinion of the court.

Cora M. Morgan, *in pro. per.*, for Appellant.

George L. Hoodenpyl, Bruce Mason and Charles F. Cook for Respondent.

SHAW, J.—The complaint herein contains two counts.  In the first thereof plaintiff alleged that on the seventh day of July, 1915, she was employed by defendant to perform services for it and on its behalf to install a filing system to do stenographic, secretarial, and general office work, and to provide for installing and carrying on the clerical work of the department of public affairs for the city of Long Beach, at a compensation of $300, to be paid plaintiff by

defendant for the term of said employment, commencing on July 7, 1915, and ending on the second day of November, 1915, and that pursuant to said agreement of employment plaintiff did during the whole of said term perform such services for and on behalf of defendant. In the second count it is alleged that on the ninth day of February, 1916, defendant employed plaintiff to perform services for it and on its behalf as a laborer in the charity department of said city at an agreed price of two dollars per day for each and every day of such labor performed, and that pursuant to said employment plaintiff herein, between February 9, 1916, and March 22, 1917, performed 288¼ days' labor at two dollars per day, aggregating the sum of $576.50. These allegations as to the employment of plaintiff by defendant were denied in the answer, and as to both thereof the court found adversely to plaintiff, who appeals from the judgment entered thereon in favor of defendant.

[1] The sole question presented is whether or not such findings are supported by the evidence. It appears that at the times in question the city of Long Beach was a municipal corporation operating under a freeholders' charter which provided for a commission form of government, under which the legislative department of the city consisted of five commissioners. Section 15 of article IV of the charter provides that "the legislative body may from time to time, by a majority vote, create or discontinue offices and municipal employments and prescribe and alter the compensation of any officer or employee of the city, except the elective officers." Pursuant thereto the commissioners, on July 6, 1915, adopted an ordinance designated as No. B–1, whereby the office of secretary to the commissioner of public affairs of the city was created, the duties of which officer were declared to be those of a private secretary, stenographer, and clerk, together with such other duties as might be required by the commissioner of public affairs, and fixing the salary of such official at $75 per month. Under said section 15 of the charter, such commissioner is empowered to nominate persons to fill all offices created therein, which nominations, in order to be effective, as provided by section 16 of the charter, "must be confirmed by the votes of at least three commissioners. Said appointees so elected by the commis-

sioners shall hold office for a period of two years, and sub-
ject to removal at any time by a vote of four-fifths of all
the commissioners, except those under civil service.'' It
further appears that Frank M. Cates was commissioner of
public affairs, and that as such commissioner he, on July 6,
1915, appointed plaintiff to fill the office of secretary,
stenographer, and clerk in his department, which office was
created by Ordinance No. B–1. It further appears that
Commissioner Cates and plaintiff sought to have her appoint-
ment as such subordinate official confirmed by the board of
commissioners, but they steadfastly refused to confirm the
appointment, and informed both Cates and plaintiff that they
would not confirm the same, notwithstanding which fact
plaintiff performed the duties of the office for the term
named. It conclusively appears that the position held by
plaintiff under Commissioner Cates and the duties performed
by her were those of the office created by Ordinance No. B–1,
to which, by reason of the refusal of the commissioners to
confirm the nomination, she was never legally appointed. It
follows that, since the employment was unauthorized, she
is not entitled to recover from defendant for the services
rendered under the purported appointment made by Cates as
commissioner. To uphold plaintiff's asserted right to re-
cover, under the circumstances, would be tantamount to a dis-
regard of the clear provisions of the city charter. The
purported appointment was a nullity and, in contempla-
tion of law, plaintiff was not in the employ of the city.
(*Santa Cruz R. P. Co.* v. *Broderick,* 113 Cal. 628 [45 Pac.
863]; *Times Publishing Co.* v. *Weatherby,* 139 Cal. 618 [73
Pac. 465].) We, therefore, conclude the evidence justifies
the finding attacked to the effect that plaintiff was not em-
ployed by defendant to perform service for it as alleged
in the first count of the complaint.

As to the second count, it appears that Frank M. Cates,
as commissioner of public affairs, had charge of the de-
partment of public charities of the municipality; that in
such capacity he, on February 9, 1916, employed plaintiff
for an indefinite period to perform services in connection
with and incidental to the business thereof, at the rate of
two dollars per day, and that between February 9, 1916, and
March 22, 1917, she performed 288¼ days' service, amount-

ing to $576.50. It is the contention of plaintiff that authority for the act of Cates as such commissioner in employing her is found in Ordinance No. B–100, adopted on January 28, 1916, and declared by the legislative body to be an emergency measure. Section 5 of this ordinance provided: "That the commissioner of public affairs is hereby authorized to employ ten laborers, for such work as may be required in the department of public charities, or for any work that the commissioner of public affairs may deem necessary for the carrying on of the work of the charity department, . . . at a compensation not to exceed $2.00 per day each." That the services performed by plaintiff under this employment were those specified in section 5 of the ordinance is clearly shown. Nevertheless, respondent insists that, though the ordinance was adopted on January 28th and contained a declaration of its urgency, by reason whereof under the provisions of section 3 of article XXII of the charter it became immediately effective, it did not in fact become operative until thirty days after its passage, as provided in cases where ordinances are adopted without a declaration of urgency. Its contention is that at the time of the adoption of the ordinance no facts existed showing that it was necessary for "the immediate preservation of the public peace, health and safety"; and hence the mere declaration of urgency by the commissioners, when there was no urgency, is insufficient to render such an ordinance immediately operative. [2] We quite agree with respondent that in the absence of facts showing urgency, the mere declaration of a city council so declaring in an ordinance will not render it immediately operative. (*In re Hoffman,* 155 Cal. 114 [132 Am. St. Rep. 75, 99 Pac. 517]; *Wheeler* v. *Chubbuck,* 16 Ill. 361.) In the absence of evidence to the contrary, however, we must assume that the council acted upon sufficient inquiry as to whether or not an emergency existed. The declaration is *prima facie* evidence of such fact. In the instant case, other than the fact that at the time of the adoption of Ordinance No. B–100 there existed an ordinance relating to the charity department of the city, which was repealed by the later ordinance, no evidence whatever is presented tending to show that no facts existed constituting a reason for the declaration of the commissioners as to the

declared urgency. Under the old ordinance, No. B–8, a department of public charities was created, in which provision was made for the appointment of a secretary of charities who, under the supervision and direction of the commissioner of public affairs, had charge of charities, and whose salary was fixed at $50 per month. The new ordinance enlarged the functions of the department, provided for the disposition of charity donations received and the disbursement thereof, and authorized the commissioner of public affairs to employ such persons, not exceeding ten, as he might deem necessary in conducting the work of the department. The nature of the conditions in Long Beach at the time of the adoption of the ordinance might have been such as to render it immediately expedient to adopt these measures, and particularly to provide for an increase in the number of employees in conducting the affairs of the department. We cannot say by a mere comparison of the two ordinances that no facts existed which were sufficient to warrant the act of the municipal legislative body in declaring the urgency measure. [3] However this may be, and assuming, as claimed by respondent, that no facts existed justifying the declaration of urgency contained in the ordinance, it was not void by reason of such fact, but, at most, its operative effect was postponed until thirty days had elapsed, to wit: until February 28th. (*Michelson* v. *City of Sacramento,* 173 Cal. 108 [159 Pac. 431].) [4] Hence, since under the ordinance the commissioner of public affairs was authorized to employ plaintiff in the department of charities at two dollars per day, and did employ her, she would in any event be entitled to recover compensation for the services rendered at the per diem specified, based upon the number of days' work performed after the ordinance became operative, and this right would be unaffected by the fact (if it be a fact) that at the time she entered upon the employment the ordinance was not in effect. As stated, the employment was for an indefinite period at two dollars per day, and conceding the ordinance did not go into effect until February 28th, her continuance in the work thence on, with the knowledge and consent of the commissioner of public affairs, who at such time was, by a valid ordinance, authorized to employ her, entitled her to recover for the services rendered.

Our conclusion is that the finding of the court upon the issue presented by the second count of the complaint is not supported by the evidence.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 18, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing in this court is denied.

The judgment being reversed and a new trial in the court below being necessary, the defendant should have leave to amend its answer, and should be allowed to prove such facts as may exist tending to show that there was no foundation in fact for the statement in the ordinance of January 28, 1916, that the ordinance "is urgently required for the immediate preservation of the public peace, health and safety." [5] If the court should find that there was no such foundation the declaration would be ineffectual to bring about the immediate taking effect of the ordinance and it would not take effect for thirty days after its passage, in which event any contract made within the thirty days would be unauthorized. Any contract, whether express or implied, made thereafter in pursuance of the ordinance would be valid.

Shaw, C. J., Lawlor, J., Wilbur, J., Lennon, J., Sloane, J., Shurtleff, J., and Richards, J., *pro tem.,* concurred.