N. W. MILLIGAN, Appellant, v. CITY OF ALHAMBRA (a Municipal Corporation), Respondent.

Fred W. Morrison for Appellant.

Emmett Tompkins for Respondent.

SPENCE, J.—Plaintiff brought an action against defendant City of Alhambra to recover the sum of $5,050 alleged to be due as a real estate agent's commission. The action

was tried by the court sitting without a jury upon an agreed stipulation of facts and from a judgment in favor of defendant, plaintiff appeals.

In November, 1926, notice was published stating that the cities of Pasadena, South Pasadena and Alhambra would receive sealed bids for their respective interests in property known as the Tri-City Farm. The city of Pasadena owned an undivided four-sixths interest in the property, while the other two cities each owned an undivided one-sixth interest. The notice provided the method for submitting bids upon the basis of a price per acre, a bid to be submitted to each city covering its undivided interest. The notice stated that the three cities intended to reject bids unless the bidders filed bids with all three cities at the same price per acre. It further provided: "Bidders must state specifically whether the price per acre is a net price to the three cities or whether a commission is payable out of said net price, and if any commission is payable, the amount of said commission." In November, 1926, plaintiff submitted a bid in his own name to the defendant city, which bid recited that it was made "on behalf of my Syndicate". It further stated: "This offer is made subject to the regular Realty Board Commission of five per cent (5%) on the total purchase price—to be paid to me." It was stipulated on the trial at the time the bid was submitted "plaintiff had a syndicate composed of various persons who were ready, able and willing to buy said property for the price and upon the terms stated". On November 30, 1926, the commission of the defendant city adopted a resolution accepting plaintiff's bid and, in response to an inquiry by plaintiff, the city manager wrote to plaintiff on December 20, 1926, advising him of the action of the commission. In this letter it was stated that "The city of Alhambra cannot go into escrow in this matter until thirty days after publication" and further that "To date the Board has not taken any adverse action in this matter, nor indicated a desire to rescind action as above outlined." On December 21, 1926, the commission adopted a second resolution rescinding its resolution of November 30th and rejecting plaintiff's bid. The reason for the adoption of the second resolution does not appear nor does it appear that any sale was ever consummated.

Appellant contends that the rule that a real estate agent is entitled to his commission when he has procured a purchaser ready, willing and able to buy the property at the price and upon the terms stated is too well settled to require citation of authority. However, appellant is asserting a rule relating to the performance of a real estate agent's contract and not a rule relating to the creation of such contract. The first question to be determined is whether a contract between appellant and respondent city ever came into existence.

■ The charters of municipal corporations generally provide the manner in which contracts of the municipality may be made and the charter of the City of Alhambra so provided. (Stats. 1915, p. 1740.) It is generally held that where the mode of making municipal contracts is prescribed and limited by law, such mode is exclusive and the muncipality can make a contract only in the manner provided. (McQuillin on Municipal Corporations, 2d ed., sec. 1281; *Times Pub. Co.* v. *Weatherby,* 139 Cal. 618 [73 Pac. 465]; *Frick* v. *City of Los Angeles,* 115 Cal. 512 [47 Pac. 250]; *City of Louisville* v. *Parsons,* 150 Ky. 420 [150 S. W. 489]; *City of Astoria* v. *American La France Fire Engine Co.,* 225 Fed. 21 [139 C. C. A. 80].)

Article VI, section 49, of the charter provided: "No action providing for any specific improvement or the appropriation or expenditure of any public money, except a sum not exceeding one thousand dollars; for the appropriation, acquisition, sale or lease of public property; for levying any tax or assessment; granting any franchise; for establishing or changing fire limits or districts, or for imposing any penalty, shall be taken except by ordinance except in cases where the commission takes action in pursuance of a general law of the state." Article XIX, section 135, of the charter provided for the manner of making contracts after competitive bidding and for the manner of making contracts involving the payment of money not exceeding a thousand dollars. The opening sentence of that section reads in part: "The City of Alhambra shall not be and is not bound by any contract . . . unless . . . " It is apparent from the reading of the foregoing sections and other sections of the charter that the mode by which the city might enter into contracts providing for the expenditure of public money was prescribed and limited.

It is not contended that the mode provided under article XIX, section 135, was followed. The only other mode in which a contract for the expenditure of public money might be made was that provided in article VI, section 49. That section required that such action be taken by ordinance. Appellant relies entirely upon the resolution of November 30th. Appellant concedes that this resolution was ineffectual to impose a contractual liability for the sale of the property, but contends that the agent's commission stands on a different footing. We find no merit in this contention. No ordinance was passed relating to any contract with appellant either for the payment of the commission or the sale of the property and the adoption of the resolution referred to was insufficient under the charter to impose a contractual liability upon the respondent city.

Judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

