[Civ. No. 14994.   First Dist., Div. One.   Apr. 28, 1952.]

R. A. KLASSEN, Appellant, v. EDWARD R. BURTON et al., Respondents.

J. W. Coleberd and Richard P. Lyons for Appellant.

L. John Waldier for Respondents.

BRAY, J.—This appeal by plaintiff from a judgment entered in favor of defendants raises the single question—is a void emergency clause severable from the other clauses in an ordinance of a sixth class city?

### FACTS

There is no conflict as to the facts. Plaintiff brought this taxpayer's action to test the validity of Ordinance No. 217 adopted by the city council of San Carlos, a municipal corporation of the sixth class. The purpose of the ordinance is shown by its title: ". . . Creating and Establishing a City Manager Form of Government for Said City, Defining the Authority, Powers and Duties of the City Manager. . . ." Among other clauses is one to the effect that if any part of the ordinance is held unconstitutional, such decision shall not affect the validity of the rest of the ordinance, and the council declares that it would have passed the ordinance irrespective of the unconstitutionality of any part of it.

Then follows the clause which constitutes the basis for the attack here: "This Ordinance is hereby declared to be an Ordinance for the immediate preservation of the public health, welfare and safety on the ground and for the reason that there is a vacancy in an important office in the City of San Carlos, to-wit: the office of City Manager, and it is necessary that this office and department of said City be immediately administered in conjunction with the City Manager form of government created and established in this Ordinance for the best interests and immediate advantage of the citizens of San Carlos. Therefore, this Ordinance shall take effect immediately. . . ."

The ordinance was adopted and published in all respects as required by law. The council in nowise acted under the ordinance until approximately four months after its adoption, when it appointed defendant Brod city manager. (The other defendants are officials of San Carlos.) Under the statutes governing sixth class cities a nonemergency ordinance does not take effect for 30 days. (Gov. Code, § 36937.) The form of the action was to recover salaries paid defendant Brod as such city manager and to enjoin future payments.

## Validity of Ordinance

Plaintiff contends that the ordinance is void in toto because of the unconstitutionality of the emergency clause. It is conceded that that clause is void as in violation of article IV, section 1 of the Constitution (the initiative and referendum clause) which so far as material here reads: "... *no measure creating or abolishing any office* or changing the salary, term or duties of any officer, or granting any franchise or special privilege, or creating any vested right or interest, *shall be construed to be an urgency measure.*" (Italics added.) That section also requires "a yea and no vote, upon a separate roll call" as to the statement of facts constituting the urgency. That was not done. Plaintiff contends that the invalidity of the emergency clause voids the entire ordinance. Defendants contend, and we agree, that this clause is separable and hence the ordinance is otherwise valid. It is obvious from the language of the saving clause above mentioned that it was the intention of the council as evidenced in that clause to adopt the ordinance even though the emergency clause falls. Plaintiff relies heavily on *Brown* v. *Boyd,* 33 Cal.App. 2d 416 [91 P.2d 926]. In that case a San Francisco ordinance adopted as an emergency measure created three additional peace officers. It was declared an urgency measure "because of the imminent expiration of the civil service list of eligibles for captains," etc. Section 13 of the San Francisco charter requires that an ordinance not be passed until "after two readings and votes at separate meetings of the board, which meetings shall be at least ten days apart. . . ." The ordinance was not so adopted. Considering it to be an emergency measure, it was adopted at the first reading. The main question considered by the court was whether the San Francisco charter was limited by section 1, article IV of the Constitution (*supra.*) The court held that it was and the ordinance being one creating an office "was such an ordinance as could not be declared an urgency measure under the constitutional limitation. It was void in its inception. . . ." (P. 423.)

Plaintiff argues that this decision and particularly the court's language "It was void in its inception . . ." is a holding that an emergency clause in an ordinance creating an office is inseparable from the rest of the ordinance and invalidates the whole. That question was not before the court. There the entire ordinance had to stand or fall on the emergency clause, because the ordinance had not been adopted

by the proceedings required for a nonemergency measure. In our case, however, the method of adoption was such as required of nonemergency measures.

In determining the severability of an emergency clause in an ordinance it is of some value to consider the purpose of section 1, article IV of the Constitution as shown by its language. The section is dealing with the initiative and referendum, and generally requires a specified period before a legislative measure may go into effect. This is to give an opportunity for a referendum. It then provides, in effect, that where there is a public urgency the measure may take effect immediately, that is, before there can be a referendum. However, it apparently does not intend that this limitation on the right of referendum shall apply to certain types of measures, the creation of an office being one type, and therefore provides that as to these there can be no urgency which might interfere with the right of referendum. So, where a measure is adopted containing an emergency clause which is void, if the adoption of the measure was sufficient to comply with the law as to a nonemergency measure, and the legislative body indicates that it would have adopted the measure without the urgency clause, there is no good reason why the void clause may not be separated from the balance of the measure. The people still have the right of referendum before the measure takes effect. In the two cases of *Stockburger* v. *Jordan,* and *Stockburger* v. *Riley,* cited as *Stockburger* v. *Jordan,* 10 Cal.2d 636 [76 P.2d 671], the court had somewhat the same question as we are considering, as concerned a measure of the state Legislature. Chapter 304, Statutes of 1937, relating to certain oil lands owned by the state, granted certain extensive powers to the director of finance. The act contained an urgency clause, providing that the act should take effect immediately. Notwithstanding this clause, a referendum was brought against the act. The court held that the urgency clause was void as in violation of section 1, article IV of the Constitution, as it changed the duties of the director, that section prohibiting the changing of the duties of an officer by an emergency measure. It then held that although ineffective as an emergency measure, it was subject to the referendum, and one having been filed, the act could not go into effect until there was a favorable vote of the people. *Clancy* v. *Stockburger,* 10 Cal.2d 651 [76 P.2d 678], a companion case to the two other Stockburger cases (*supra*), states that the court in those cases "held that chapter 304,

Statutes of 1937, was not an urgency measure and, therefore, as a referendum petition . . . had been filed against said measure, the same was ineffective until it had been approved by the vote of the electors. . . .'' Were the contention made by plaintiff in our case the law, that is, if the urgency clause falls the entire measure falls, the court in the Stockburger cases would have held that the statute enacting chapter 4 would not be subject to referendum because, it having been determined that the emergency clause was void, the entire statute would be void and there would be nothing for a referendum to apply to.

*Morgan* v. *City of Long Beach,* 57 Cal.App. 134 [207 P. 53], dealt with an ordinance creating an office, which ordinance contained an urgency clause. The clause, however, set forth no facts showing the urgency. This court did not directly pass on the validity of the clause but stated (p. 139): ''. . . assuming, as claimed by respondent, that no facts existed justifying the declaration of urgency contained in the ordinance, it was not void by reason of such fact, but, at most, its operative effect was postponed until thirty days had elapsed. . . .'' In denying a petition for hearing the Supreme Court after pointing out that the judgment had been reversed and there would be a new trial, stated that the defendant should be allowed to prove that there was no foundation in fact for the statement of urgency in the ordinance, and said (p. 140): ''If the court should find that there was no such foundation the declaration would be ineffectual to bring about the immediate taking effect of the ordinance and it would not take effect for thirty days after its passage. . . .''

In *People* v. *Phillips,* 76 Cal.App.2d 515 [173 P.2d 392], it was contended that the penal statute under which the defendant was convicted was unconstitutional on two grounds, one of which was that it was passed as an urgency measure but no emergency existed and no facts showing one were set forth in the act. As to this ground the court stated (p. 521): ''Under the general rule if no emergency existed or the urgency declaration were invalid that would not impair the validity of the remainder of the statute which would take effect at the regular time appointed by law. [Citations.] California cases are in accord with this principle. [Citations.] Hence here in any event the statute became effective 'ninety days after the final adjournment of the session of the Legislature which passed such act' (Cal. Const., art. IV, § 1) and is

not subject to this type of attack by the appellant at this late date."

These cases are all distinguishable from *Brown* v. *Boyd, supra,* 33 Cal.App.2d 416, in that in all of them the mechanics of adopting the measures in question were those applicable to a nonemergency measure, while in the Brown case they were not.

We cannot agree with plaintiff's contention that the urgency clause is so connected with the rest of the ordinance as to be inseparable therefrom or as to render the ordinance inoperative as a complete legislative enactment excluding the urgency clause therefrom. The urgency matter, the necessity for an immediate city manager form of government, was not of such a type that a 30-day delay would make it inadvisable, impracticable or undesirable to still have it. As well said by the Honorable Murray Draper in the court below, in referring to the Brown case, "The very core of that ordinance was the urgency clause. Either the Ordinance was effective at once or it could never have any effect." Here the action of the council shows that the urgency clause was not a vital part of the ordinance. They took no action whatever under the ordinance until more than 30 days had elapsed. Action was neither required nor taken until well after the time the ordinance would have become effective if it contained no urgency clause. Of course, the action of the council after the adoption of the ordinance cannot affect the validity of the ordinance when passed. We have referred to it, not for that purpose, but to show how inessential to the ordinance as a whole the urgency clause is. There is no reason to hold that that clause is an essential part of the ordinance and its invalidity does not destroy the entire ordinance. This is not a situation to which the following language in *In re Portnoy,* 21 Cal.2d 237 [131 P.2d 1], quoted by plaintiff, applies. ". . . where the invalid portions of the statute are so connected with the rest of the statute as to be inseparable, it is clear that the entire act must fall." (P. 242.) ▉ Rather it is one to which the following language from the same case applies: "The rule is well settled, where such a severability clause is included, that the valid portions of a statute or ordinance which is partially unconstitutional will be upheld if the remaining portion is severable and constitutes a completely operative expression of the legislative intent." (P. 242.)

In view of our decision it becomes unnecessary to discuss plaintiff's contention that defendants are liable to the city for

an illegal expenditure of public money. Such contention was based on the claim that the entire ordinance was void. As we have held it to be valid, the contention falls.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1952.