[L. A. No. 23659.   In Bank.   Feb. 7, 1956.]

RAY A. BAILEY et al., Appellants, v. COUNTY OF
LOS ANGELES et al., Respondents.

Holbrook, Tarr, Carter & O'Neill, W. Sumner Holbrook, Jr., and Francis H. O'Neill, for Appellants.

Harold W. Kennedy, County Counsel, Edward H. Gaylord and Lloyd S. Davis, Deputy County Counsel, for Respondents.

CARTER, J.—Plaintiffs, Ray A. Bailey and others, appeal from an order of the Superior Court of Los Angeles County which vacated a temporary restraining order, denied a preliminary injunction and discharged an order to show cause in an action brought to declare invalid an amendment to a Los Angeles County zoning ordinance.

Rancho Los Amigos, the land in question, located in Los Angeles County, was zoned R-1 for single family use. County officials desired to locate a juvenile hall in the Rancho Los Amigos area, but in order to do so it was necessary to amend the basic zoning ordinance of the county.

The controlling procedure to be followed in amending such an ordinance is found in the Government Code, sections 65500-65805.

Section 65804 provides: "Except as otherwise provided in this article, an amendment to a zoning ordinance which amendment changes any property from one zone to another or imposes any regulation listed in Section 65800 not theretofore imposed or removes or modifies any such regulation theretofore imposed shall be initiated and adopted in the same manner as required for the initiation and adoption of the original zoning ordinance."

Section 65650 provides: "Before recommending a precise plan or regulation to the legislative body or any amendment to it, for adoption, the planning commission shall hold at least one public hearing."

On July 27, 1954, pursuant to section 65651, the regional planning commission gave 10 days' published notice that a public hearing would be held relative to recommending to the board of supervisors certain amendments to the zoning ordinance. At the public hearing on July 27, 1954, the proposed amendments were discussed. One of these amendments proposed that property in any residential zone might be used for any governmental purpose if a permit were first obtained in accordance with established procedures.

On August 18, 1954, the planning commission transmitted to the board of supervisors its recommendation of the proposed amendments together with copies thereof, a copy of the notice of hearing, and a list of the persons who testified at the hearing.

Section 65654 provides that the legislative body may adopt the plan proposed by the commission by ordinance or resolution, but must first hold at least one public hearing. Upon receipt of the proposed amendments the board of supervisors

published notice of a hearing to be held on September 23, 1954. This meeting was held and various persons were heard. The matter was then continued until October 5, 1954, at 11 a. m.

On October 5, 1954, the board of supervisors met at 9 a. m. At that time it was proposed that the board enact an ordinance adding two sections to the zoning ordinance which would permit the use of property in any zone for a juvenile hall or juvenile detention facilities after public hearings at which the applicant must affirmatively prove that such use would not endanger the public health, safety, or general welfare. This proposed ordinance was then forwarded to the planning commission which was in session a short distance away. While the board was still sitting a communication was received from the regional planning commission. This communication related that the commission had considered and approved the proposed ordinance. The proposed ordinance was read to the members of the public present and approximately 15 minutes thereafter the board ordered that the public hearing be closed in the matter of the proposed amendments to the zoning ordinance to permit governmental use of property in any zone after a permit was obtained. The board then passed the amendments which related only to juvenile halls, and later made application to the regional planning commission for a special permit to use the Rancho Los Amigos land for a juvenile hall. A hearing date was set and notice of hearing published, but prior to the time set for the hearing plaintiffs, who were property owners protesting the amendments, instituted this action and the superior court issued an order restraining the holding of the meeting pending the hearing of an order to show cause. At the hearing of the order to show cause, the restraining order was vacated and the preliminary injunction denied. This appeal followed.

■ Plaintiffs contend first that section 65653 of the Government Code, which requires a "report of findings, summaries of hearings, and recommendations of the planning commission," was not complied with and that such section is mandatory. In the instant case, copies of the proposed amendments to the ordinance were transmitted by the commission to the board with a letter stating that the proposed amendments had been approved by the commission. There was also a copy of the published notice of the public hearing, a statement that such hearing had been held, and a list of the

persons who there testified. A similar contention was raised in *Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471, 479 [197 P.2d 218], where the court said: "It is appellant's contention that two things are required of the zoning board, viz., (1) that it shall transmit findings, and (2) that it shall transmit recommendations. That only the latter was done.

"'After consideration of all the factual data and testimony presented at the hearing, the commission determined that the operation of the hog ranch and dump were detrimental to the health and general welfare of the community.' This was followed by the recommendation to respondent board that appellant's permit be revoked.

"The foregoing language must be held to imply that the commission had found that detriment and injury to the health and general welfare of the community ensued from the operation of the hog ranch in question. And in connection with the action of such commission and board, composed usually of laymen, the fact that a certain action is taken or recommendation made raises the presumption that the existence of the necessary facts had been ascertained and found. (*Bartholomae Oil Corp.* v. *Seager,* 35 Cal.App.2d 77, 80 [94 P.2d 614]; *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 323 [144 P.2d 4]; *North Side etc. Assn.* v. *County of Los Angeles,* 70 Cal.App.2d 598, 608, 609 [161 P.2d 613].) We cannot perceive wherein appellant has been prejudiced by the absence of formal findings under the facts here present." The only finding which could here have been made was that the proposed ordinance was necessary for the general public welfare and interest. Since there is nothing to the contrary in the record before us, this finding may be presumed from the recommendation made (*Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, 872 [206 P.2d 355]).

Plaintiffs next contend that the ordinance relating only to juvenile halls enacted by the legislative body was a new and different ordinance than the amendments recommended by the planning commission and that it therefore should have been subject, under the provisions of section 65657,* to a public hearing held by the planning commission. Defendants, on the other hand, contend that the following

*"'The legislative body shall first refer such proposal to establish such precise plan or regulation to the planning commission for a report. Before making a report the planning commission shall hold at least one public hearing in the same manner as heretofore prescribed in this article.'" (Gov. Code, § 65657.)

section is applicable: "The legislative body shall not make a change in any proposed precise plan, regulation, or amendment thereto recommended by the planning commission until the proposed change has been referred to the planning commission for a report and a copy of the report has been filed with the legislative body." (Gov. Code, § 65655.) Defendants argue that a juvenile hall comes within the purview of the words used in the approved amendment—a "governmental use of any kind"—and that the change was referred to the planning commission which reported its approval thereof. If defendants' position is correct, the statute, section 65655, does not require a public hearing. Plaintiffs' argument is two-fold: they contend that the subject of a juvenile hall was not considered at the public hearing held by the planning commission, and that the juvenile hall ordinance was a new and different one requiring a public hearing under the provisions of section 65657. ■ In support of their first argument they rely upon affidavits in which it is averred that the subject of a juvenile hall was not discussed at the public hearing held by the planning commission. The affidavits produced by defendants are to the contrary. This was a question of fact decided adversely to plaintiffs by the trial court.

■ "An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated. ■ When the evidence is conflicting, it will be presumed that the court found every fact necessary to support its order that the evidence would justify. ■ So far as it has passed on the weight of the evidence, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary." (*Murray* v. *Superior Court,* 44 Cal.2d 611, 619 [284 P.2d 1].) ■ "When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed." (*Hayutin* v. *Rudnick,* 115 Cal.App.2d 138, 140 [251 P.2d 707]; *People* v. *Western Meat Co.,* 13 Cal. App. 539 [110 P. 338]; *Maselli* v. *E. H. Appleby & Co., Inc.,* 117 Cal.App.2d 634 [256 P.2d 618]; *Jones* v. *Lindsey,* 114 Cal.App.2d 237 [250 P.2d 153]; *Schreiber* v. *Hooker,* 114 Cal.App.2d 634 [251 P.2d 55]; *Paulekas* v. *Paulekas,* 117

Cal.App.2d 73 [254 P.2d 941]; *Globe D. Lunch* v. *Joint Executive Board of Culinary Workers,* 117 Cal.App.2d 190 [255 P.2d 94].)

■ Plaintiffs' second argument that the juvenile hall ordinance passed by the board required a public hearing before the planning commission is supported by a statement in the case of *Johnston* v. *Board of Supervisors* (1947), 31 Cal.2d 66 [187 P.2d 686]. There it was said (p. 76): "Before any ordinance is adopted, the local planning commission must hold public hearings at which interested parties may appear. (State Planning Act, § 5.) A proposed plan is then submitted to the local legislative body, which also holds public hearings. *Any change in the proposed ordinance must be submitted to the commission for additional public hearings. (Ibid. § 6.)*" (Emphasis added.) The italicized sentence in the quotation appears to be incorrect. Section 6 (Stats., 1929, ch. 838, p. 1809) reads in pertinent part as follows: "No change or addition to said master plan, or any part of it as adopted by the planning commission, shall be made by the legislative body until the said proposed change or addition shall have been referred to the planning commission for report thereon and an attested copy of said report thereon filed with the legislative body by the planning commission. . . ." Section 6, Act 5211b (Deering's Gen. Laws, pp. 1773-1774) provides also "No change in or addition to the master plan or any part thereof, as adopted by the planning commission, shall be made by the legislative body in adopting the same until the said proposed change or addition shall have been referred to the planning commission for a report thereon and an attested copy of such report shall have been filed with the legislative body." The present section 65655, heretofore quoted in full, requires only that the proposed change be referred to the planning commission for a report and that such report be filed with the legislative body. The legislative history of the present section (added by Stats. 1953, ch. 1355, § 2, based on former § 65334, as added by Stats. 1951, ch. 334, § 1, p. 687: Stats. 1947, ch. 807, § 72, p. 1920: Stats. 1929, ch. 838, § 6.6, as added by Stats. 1937, ch. 665, § 15, p. 1825) shows that if the juvenile hall ordinance in question is considered merely as a "change" in an ordinance recommended to the legislative body by the planning commission rather than an entirely new subject matter proposed and initiated by the legislative body (Gov. Code, §§ 65656, 65657) at no time has the applicable statute required a further public

hearing by the planning commission after referral by the legislative body of the proposed change in the recommended ordinance to the planning commission. The crucial question is, therefore, whether or not the juvenile hall ordinance is something new initiated by the legislative body, or whether it is merely a change in an amendment to an ordinance proposed by the planning commission. ■ Defendants' argument appears the more logical one: that the phrase used by the planning commission in the proposed ordinance that property in any residential zone may be used for "governmental uses of any kind" is broad enough to encompass use of the land for a juvenile hall and that the ordinance passed by defendants was merely a part of the whole, or an ordinance of lesser scope than that which they might have enacted. It follows, therefore, that no further public hearing was required to be held by the planning commission upon receipt of the proposed change in the amendment recommended by that body. Anything to the contrary in *Johnston* v. *Board of Supervisors,* 31 Cal.2d 66 [187 P.2d 686], is hereby disapproved.

Plaintiffs also rely on the case of *Simpson* v. *Hite,* 36 Cal.2d 125 [222 P.2d 225]. We were there concerned with a different problem. We said there, in speaking of the Planning and Conservation Act (2 Deering's Gen. Laws, Act 5211c), that "The legislative body shall not change the *plan* without referring the proposed change to the planning commission for a report (§ 72) and the planning commission must hold public hearings on such proposed changes (§ 74)" (emphasis added; pp. 134, 135). Section 72 is the predecessor of the section under consideration, 65655, and has been heretofore commented upon. Section 74 refers to a *change or addition in the master plan initiated by the legislative body.* In the case under consideration, the change in the master plan originated, by way of proposed amendments to the ordinance, *with the planning commission,* not with the legislative body. The change in the proposed amendment was made by the legislative body. The case of *Simpson* v. *Hite, supra,* is therefore inapplicable.

■ Plaintiffs contend that the urgency clause of the ordinance in question was improperly enacted without statutory authority therefor. Plaintiffs cite section 25123 of the Government Code which provides: "Except as provided in Division 4, Chapter 2, of the Elections Code, no ordinance passed by the Board shall take effect within less than thirty

days after its passage.'' Section 1651 of the Elections Code setting forth the ordinances which may take effect immediately refers to initiative and referendum measures which are not here involved. That section further provides: *"All other ordinances* . . . shall become effective thirty days from the date of final passage.'' (Emphasis that of the Legislature.) The urgency provision of the ordinance was enacted without legislative authority and is, therefore, void and of no effect. This, however, does not invalidate the balance of the ordinance. In *People* v. *Phillips,* 76 Cal.App.2d 515, 521 [173 P.2d 392], the court said ''Under the general rule if no emergency existed or the urgency declaration were invalid that would not impair the validity of the remainder of the statute which would take effect at the regular time appointed by law.'' (See also *Michelson* v. *City of Sacramento,* 173 Cal. 108, 109 [159 P. 431]; *In re Hoffman,* 155 Cal. 114, 120 [99 P. 517, 132 Am.St.Rep. 75]; *Morgan* v. *City of Long Beach,* 57 Cal. App. 134, 139 [207 P. 53]; *Klassen* v. *Burton,* 110 Cal.App.2d 539, 543 [243 P.2d 28].)

There is no merit to plaintiffs' contention that the ordinance involved here is special legislation favoring one class. It is conceded by plaintiffs that the county could have exempted itself from the provisions of its basic zoning ordinance (see *Sunny Slope Water Co.* v. *City of Pasadena,* 1 Cal. 2d 87, 98 [33 P.2d 672]; *Jardine* v. *City of Pasadena,* 199 Cal. 64, 76 [248 P. 225, 48 A.L.R. 509]). Since it could have exempted itself, there appears to be no sound reason why it should be prohibited from amending its basic zoning ordinance to permit residential property to be used for governmental purposes if such uses are deemed advisable and beneficial to the general public welfare.

For the foregoing reasons we conclude that the ordinance in question was validly enacted, with the exception of the urgency clause, and that the order of the trial court vacating the temporary restraining order, denying a preliminary injunction and discharging an order to show cause must be affirmed. Because of this conclusion we find it unnecessary to consider the argument of defendants that plaintiffs were not entitled to relief by way of injunction.

The order is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.