[Civ. No. 5771. Fourth Dist. Jan. 13, 1959.]

CLYDE N. PALMER, JR., Appellant, v. ERROL K. FLEMING et al., Respondents.

Gray, Glass & Allen for Appellant.

Neblett, Walker & Sullivan for Respondents.

SHEPARD, J.—This is an action to recover $5,000 paid by plaintiff to defendants for an option to purchase realty.

Plaintiff alleges that on May 23, 1955, the parties entered into a written agreement and option whereby for the sum of $5,000 defendants agreed to hold until August 23, 1955, at 12 noon (time being of the essence of the option), subject exclusively to the order of this plaintiff certain described realty for a total purchase price of $102,000 in cash, or secured in accordance with written escrow terms attached to and made a part of the agreement. It was further agreed that if plaintiff elected to exercise the option the $5,000 paid should be credited on the purchase price, otherwise it was to be retained by these defendants in consideration of the granting of the option and the holding of the property for plaintiff's optional purchase. If defendants were unable to deliver title within 30 days after notice to them of the exercise of the option the consideration was to be returned. All notices were required to be delivered to Errol K. Fleming (one of the defendants herein) at 6190 Hawarden Drive, Riverside, California.

The agreement provides that the date of the opening of the escrow will be the date of the exercise of the option; that the buyer will deposit in escrow $1,000 at its opening, an additional $23,000 within 30 days thereafter, and a trust deed and note for $73,000. The agreement made further provision on

the following matters: prorate of taxes as of close of escrow; delivery of title subject to covenants, conditions, restrictions and easements of record; a pipeline easement with appurtenant rights, canal stock and percentage interest in a pumping plant; usual buyer and seller escrow charges; possession to buyer as of close of escrow; usual trust deed form with a prohibition therein against removal of trees; provision for locating a well site and releasing from the trust deed lien sufficient ground to accommodate the well and new pumping plant; a provision for deeding full unencumbered title to buyer of certain lots upon payment of $7,500 (Lots 12, 15 and 16 of Monte Vista Tract, comprising about 2½ acres); provision that there be no subordination of trust deed encumbrance; provision for annual payments of $30,000 with final balance the third year, with interest at 6 per cent; provision that if buyer fully complied with escrow by June 23, 1955, buyer entitled to entire crop with certain other crop advantages if escrow closed before June 13, 1955, otherwise crop to belong to sellers; provision for adjustment by use of second trust deed if first trust deed then on premises could not be released by close of escrow.

Plaintiff's complaint alleges that he complied with all of the conditions of the option agreement, that the defendants breached their agreement, and he is entitled to the return of the $5,000 originally deposited. Defendants' answer denies that the plaintiff ever exercised the option, and denies breach by defendants. After a full trial, the trial court found against the contentions of plaintiff and in favor of the defendants, entered judgment accordingly, and plaintiff appeals therefrom.

This court on appeal is required to view the evidence in the light most favorable to the judgment. (*Bailey* v. *County of Los Angeles*, 46 Cal.2d 132, 137 [4] [293 P.2d 449].)

With that rule in mind, the evidence shows that no escrow instructions directly and unqualifiedly conforming to those contained in the original agreement were ever signed by plaintiff; that contrary to the original agreement the escrow instructions which were in fact signed by plaintiff enlarged the acreage to be released without encumbrance by about six acres; that said proffered escrow instructions provided, contrary to the original agreement, that one acre of the land would be released for each $3,000 (plus interest) paid on the balance of the purchase price, and also provided for the direct payment of the real estate broker's fee.

The amended escrow instructions so proffered contained a proviso that, if they conflicted in any way with the original agreement, the original agreement would control. Plaintiff contends that this provision, that is, that the original agreement would control the conditions of the amended proposal, made the escrow document by plaintiff a sufficient acceptance of the escrow. However, the trial court was confronted with evidence that no deed of trust as provided by the original agreement was submitted therewith, or was ever signed at any time by the plaintiff; that the only proffered escrow instructions of which notice was ever given to defendants did not conform to the original agreement; that $6,000 of the money posted in the escrow was conditioned on the execution of a crop and chattel mortgage by plaintiff to a third party covering the current crop then on the trees; that under certain conditions of the original agreement defendants were authorized to forthwith retake possession of the premises; that the original agreement prevented subordination of the seller's lien to that of the crop mortgage; that defendants were never notified of the existence and readiness for signature by them of any escrow instructions conforming to the original agreement anywhere.

" 'An option is a privilege given by the owner of property to another, to buy the property at his election. It secures the privilege to buy, and is not, of itself, a purchase; the owner does not sell his property; he gives to another the right to buy.' " (*Transamerica Corp.* v. *Parrington,* 115 Cal.App.2d 346, 352 [6] [252 P.2d 385].)

"It is elementary that an acceptance is required to be identical with the offer, and must be unconditional and not add any new terms thereto. If the terms of the offer are changed or added to by the acceptance, there is no meeting of the minds and no contract." (*Robbins* v. *Pacific Eastern Corp.,* 8 Cal.2d 241, 276 [13] [65 P.2d 42].)

From the terms of the plaintiff's counter offer and the character of the negotiations thereafter, we think the trial court was justified in its implied finding that the plaintiff never intended his first writing to be an unqualified acceptance of the option.

The record further shows that after some negotiations and concessions by defendants to part of plaintiff's requested changes, plaintiff himself finally broke off all negotiations and terminated the escrow by his own voluntary act of withdrawing, on September 12, 1955, from further operation of the

escrow all money and documents. The evidence shows there was no rejection or refusal by defendants prior to September 20, 1955, which was several days after plaintiff's termination of the escrow.

It is evident that the trial court concluded that the amended proposal under all the circumstances then present involved only a qualified acceptance of the option, and that the option agreement was never sufficiently completed to ripen into an agreement of sale.

Under the record produced in this case we cannot find that the trial court's conclusion was unsupported by the evidence.

The judgment is affirmed.

Mussell, Acting P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.