Filed 7/14/15  P. v. Dominici CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL JOSEPH DOMINICI,<br><br>    Defendant and Appellant. | B260400<br><br>(Los Angeles County<br>Super. Ct. No. NA035338) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed in part; reversed in part with directions.

        Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Samuel Joseph Dominici, was convicted in 1998 of: "assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury" (Penal Code,[1] § 245, former subd. (a)(1), amended by Stats. 1993, ch. 369, § 1); corporal injury (§ 273.5, former subd. (a), amended by Stats. 1988, ch. 576, § 1); false imprisonment (§ 236); and heroin possession (Health & Saf. Code, former § 11350, subd. (a), amended by Stats. 1991, ch. 257, § 1). As to the aggravated assault count, the jury expressly found that the deadly weapon was an iron. Defendant was sentenced to consecutive 25-year-to-life terms for aggravated assault and heroin possession under former sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). (Stats. 1994, ch. 12, § 1, p. 74; Stats. 1994, Initiative Measures, p. A-316.) The sentences on the remaining two counts were stayed under section 654, subdivision (a). Defendant appeals from the denial of his resentencing petition under section 1170.126.

The trial court found defendant was ineligible for resentencing because, during the commission of the current aggravated assault offense, he was armed with a deadly weapon. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) We agree that defendant is ineligible for resentencing on his aggravated assault conviction. Defendant does not contest the trial court's ruling that he was ineligible for resentencing on the aggravated assault charge because he was armed with a deadly weapon. Thus, any contention to that effect is forfeited. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70 disapproved on another point in *Bailey v. Los Angeles* (1956) 46 Cal.2d 132, 139.) And defendant's failure to do so is well thought out. The jury expressly found he used an iron in committing the deadly weapon assault thereby rendering him ineligible for resentencing on that count. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c) (2)(C)(iii); *People v. White* (2014) 223 Cal.App.4th 512, 527.)

---

[1]     Further statutory references are to the Penal Code except where otherwise noted.

But, as to the heroin possession count, in *People v. Johnson* (2015) __ Cal.4th __, __, [2015 WL 4031246 ,*1] our Supreme Court held, "[T]he presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." Thus, defendant's aggravated assault conviction does not prevent resentencing on the remaining heroin possession count. The sole ground relied upon by the trial court was that defendant's deadly weapon assault conviction barred any resentencing on the heroin possession count. Thus, based on the trial court's *express* ruling and the *sole* grounds raised on appeal, the order denying defendant's sentence recall petition is reversed in part. No doubt, there are other issues that remain for resolution once the remittitur issues. Even if the defendant is eligible for resentencing on the heroin possession conviction, it may be he is unsuitable. (See *People v. Johnson*, *supra*, __ Cal.4th at p. __; § 1170.126, subd. (f).) We leave these other matters in the trial court's good hands once the remittitur issues. That part of the trial court's ruling finding defendant is ineligible for resentencing on the aggravated assault count is affirmed.

The order denying the sentence recall petition of defendant, Samuel Joseph Dominici, is reversed as to his heroin possession conviction. Upon remittitur issuance, the trial court is to proceed to determine his suitability for resentencing on the heroin possession conviction. The order denying his sentence recall petition on the aggravated assault conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:



MOSK, J.                        KRIEGLER, J.


3