[S. F. No. 5629. In Bank.—December 21, 1911.]

WALTER R. WELCH, Respondent, v. WILLETT WARE, as Auditor of the County of Santa Cruz, Appellant.

COUNTY OFFICERS—APPOINTMENT OF COUNTY FIRE WARDEN—POWER OF STATE FORESTER—SUPERVISORS LIMITED TO VOLUNTARY COMPENSATION.—Under the act of March 18, 1905, (Stats. 1905, p. 235,) "for the regulation of fires on . . . forest lands within the state," it is made the duty of the state forester to appoint local fire wardens for any county or counties, and the board of supervisors of any county has no power to appoint a fire warden for the county; but the power of such board is limited to the fixing of voluntary compensa-

CLXI Cal.—21

tion to the appointees of the state forester therein, though there is no law requiring the board to compensate him in any given amount or requiring any compensation allowed to continue for any given time or term.

ID.—EFFECT OF APPOINTMENT BY COUNTY BOARD UPON COMPENSATION OF FIRE WARDEN—ELECTION TO APPOINT AND TO REVOKE.—An appointment by the board of supervisors of the county fire warden, appointed by the state forester, when it fixed his compensation, can only be taken as evidencing an election on its part to pay him under the Forestry Act as appointee of the state forester for his services in the discharge of his duties during the period of its choice. Though it had no power to elect a successor, yet where it assumed to revoke the appointment and choose a successor, such action had the effect to exercise its election to revoke the previous compensation allowed, which the board had the power to revoke.

ID.—COUNTY OFFICE FOR FIXED TERM—FISH AND GAME WARDEN—POWER OF REMOVAL OF APPOINTEE—CAUSE REQUIRED—NOTICE AND HEARING.—Where the board of supervisors was empowered by the Political Code to appoint a suitable person to serve for two years from the date of his appointment as fish and game warden for the county, at a fixed salary and expenses incurred within a specified limit, and his removal during his term was authorized to be made only "for cause," he cannot be removed or suspended from office without a notice and hearing of the charges against him.

ID.—MANDAMUS TO AUDITOR FOR SALARIES—REVIEW UPON APPEAL—ERROR IN PART—MODIFICATION OF JUDGMENT.—Where a writ of mandate granted by the superior court to compel the county auditor to draw salaries in favor of the plaintiff as fire warden and fish and game warden for the county was erroneous as to his salary as fire warden, which had been properly revoked, but was correct as to the salary of the fish and game warden for a month during which no notice of hearing of any charges against him had been given, the judgment will be reversed with directions to modify it by directing the auditor to draw his warrant only for the latter salary.

APPEAL from a judgment of the Superior Court of Santa Cruz County granting a Writ of Mandate. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Benjamin K. Knight, District Attorney, for Appellant.

Charles B. Younger, for Respondent.

LORIGAN, J.—This is an appeal from a judgment granting petitioner a peremptory writ of mandate.

On April 30, 1907, petitioner was appointed by the state forester of the state of California a voluntary fire warden for Santa Cruz County. He qualified as such and has since continued to perform the duties of such fire warden.

On January 4, 1909, he was by a single order of the board of supervisors of Santa Cruz County appointed the fish and game warden of said county and also fire warden thereof for the ensuing two years with a general salary fixed at one hundred dollars a month, and he duly qualified as such fish and game warden under said appointment.

On May 18, 1909, the members of said board of supervisors called a special meeting of said board for that same date, setting forth in the call, among other business to be transacted at such special meeting, "to take action in reference to the appointment of W. R. Welch (petitioner), as the fire, fish, and game warden of the county of Santa Cruz," and at said called meeting an order of the board was made and entered reciting that "it appearing to the board that W. R. Welch, the fire, fish, and game warden of Santa Cruz County has not been acting for the best interests of this county for the protection of fish and game, and good and sufficient cause appearing therefor . . . it is by unanimous vote ordered that the office of fire, fish, and game warden of the county of Santa Cruz be declared vacant on and after June 1, 1909," and about June 7, 1909, appointed one Al Malott as fire, fish, and game warden of the county.

No notice was given petitioner by the board that it contemplated his removal from the said office or offices; and no charges were ever preferred against said petitioner by or before the board for violation or alleged violation of the duties of said offices or any of them, and after said attempted removal petitioner continued to perform and discharge the duties of fire, fish, and game warden for said county.

On July 3, 1909, petitioner demanded of the appellant, auditor of the county, that he draw a warrant upon the treasurer thereof for the sum of one hundred dollars or any other sum, in payment of the salary of petitioner as fire, fish, and game warden of the county for the month of June, 1909, but appellant declined to draw said warrant for said sum or any other sum, and on his refusal petitioner brought this proceeding in *mandamus* in the superior court of Santa Cruz

County to compel the auditor to draw said warrant, alleging the above facts as a basis therefor.

After answer by appellant, which substantially admitted all the allegations of the petition, and a hearing thereon, the superior court awarded the petitioner a peremptory writ against appellant as prayed for, directing him to issue a warrant in favor of respondent for one hundred dollars as salary for the said month of June as fire, fish, and game warden.

The main question involved on this appeal is the validity of the order of the board of supervisors of May 18, 1909, removing the respondent from office. In considering this question it will have to be borne in mind that the respondent while appointed by the board of supervisors on January 4, 1909, generally as fire, fish, and game warden of the county for the ensuing two years, was in effect appointed to two different offices, one as fire warden of the county, the other as fish and game warden thereof, if it really can be said that the order of the board of supervisors appointing him fire warden had even that effect. There is nothing in the statutes authorizing the appointment by a board of supervisors of a fire warden. Under the act "providing for the regulation of fires" (Stats. 1905, p. 235) it is provided that "the state forester shall appoint in such number and localities as he deems wise, public spirited citizens to act as public fire wardens, who may receive payment for their services from the county or from private sources." Under this provision of the act it is conceded by appellant that the board of supervisors of Santa Cruz County had authority to provide for the payment of compensation for respondent as the appointee of the state forester as fire warden of Santa Cruz County, but this is the only authority given the board; hence, as far as the order of the board appointing respondent fire warden is concerned, it can only be taken as evidencing an election on the part of the board under the Forestry Act to pay him as the appointee of the state forester for his services in the discharge of his duties under such appointment. There is no provision of the law, however, which requires the board to make compensation to him in any given amount or if compensation is allowed him by the board, that it shall continue for any given time or term.

The situation, however, is different as to the appointment of a fish and game warden.

Section 4149b of the Political Code provides that "the board of supervisors of each county may, in the discretion of the board, . . . appoint a suitable person to serve for the period of two years from the date of his appointment as fish and game warden of the county. Such fish and game warden may be removed by the board of supervisors for intemperance, neglect of duty, or other good and sufficient reasons," and section 4149d provides that the salary of the fish and game warden shall be in counties of the thirteenth class (to which Santa Cruz County belongs) the sum of fifty dollars per month. In addition he shall be allowed a sum not to exceed twenty-five dollars a month for expenses incurred by him in the performance of his duties. Said salary and expenses must be paid monthly from the county treasury."

Having directed attention to these provisions of the law respecting the dual offices held by respondent, we proceed to a consideration of the merits of the appeal.

The claim of the appellant is that as far as the appointment of respondent as fire warden is concerned (treating the order of January 4, 1909, as an appointment) the board had authority to remove him at any time as no term for his appointment is provided by law and the provisions of section 4149d of the Political Code have no application, and that this latter provision of the code relating to the removal of the fish and game warden for certain causes or any good or sufficient reason, left it entirely to the board of supervisors to remove him summarily for any reason satisfactory to itself without any charges made or hearing thereon, and that the contrary view taken by the trial court was erroneous. In support of this latter position appellant relies on the *Matter of Carter*, 141 Cal. 316, [74 Pac. 997].

As far as the attempted removal of respondent from the office to which he was appointed as fish and game warden is concerned, we are satisfied that the conclusion of the trial court was correct. This point is thoroughly settled by the recent decision of this court in *Bannerman* v. *Boyle*, 160 Cal. 197, [116 Pac. 732]. In that case the charter of the city and county of San Francisco provided that the board of education shall be composed of four school directors appointed by the mayor whose term of office shall be four years, so classified that the term of one of them should expire each year. Ban-

nerman was appointed in 1909 to hold for the remainder of an unexpired term ending January 8, 1911. On February 15, 1910, the mayor without any notice or hearing removed or attempted to remove him from office and attempted to appoint another to fill the assumed vacancy. Bannerman refused to vacate the office; denied the validity of the action of the mayor in attempting to remove him and in due time brought an original proceeding in *mandamus* in this court to compel the auditor to pay his monthly salary which had accrued subsequent to the attempted removal.

The charter of the city of San Francisco (sec. 18) provides that "any elected officer except supervisors may be suspended by the mayor and removed by the supervisors for cause; *and any appointed officer may be removed by the mayor for cause.* The mayor shall appoint some person to discharge the duties of the office during the period of such suspension."

It was sought to sustain the action of the mayor under this provision of the charter; that it conferred upon him authority to summarily remove any appointive officer without the formulation of any charges or notice or a hearing thereon. On the other hand it was contended that the mayor had no power to proceed against such appointive officer without charges preferred against him constituting "cause" and giving the officer notice and an opportunity to be heard in defense before conviction and removal.

In disposing of this question this court said: "Upon this question the great weight of authority is to the effect that where an officer is appointed for a fixed term and it is provided that he may be removed during the term 'for cause,' without other qualifying words, such removal cannot be made except after notice and a hearing. Mr. Throop states it thus: 'The doctrine that an officer can be removed only upon notice, and after a hearing, where the tenure of his office is during good behavior, or until removal for cause or for a definite term, subject to be removed for cause . . . may be regarded as settled law in this country.' (Throop on Public Officers, sec. 364.) Mr. Mechem says: 'Where the appointment or election is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal cannot, except by clear statutory authority, be exer-

cised without notice and hearing, but that the existence of the cause, for which the power is to be exercised must first be determined after notice has been given to the officer of the charges made against him and he has been given an opportunity to be heard in his defense.' (Mechem on Officers, sec. 454.) The same is said to be the rule by Mr. Dillon. (Dillon on Municipal Corporations, sec. 250.) A large number of decisions are cited in support of this doctrine. The following apply the doctrine to cases like the present one, where the tenure is for a fixed term." (Here a number of cases are cited by the court sustaining the doctrine.) "Many of these are cases where the power to remove was qualified, as here, simply by the words, 'for cause'; in others particular causes are specified, such as 'official misconduct,' 'inability or misbehavior,' and the like. The distinction is not material. The words 'for cause,' without more, imply good cause; the existence of some facts which would constitute a reasonable cause for the removal."

There is no difference between the terms of the charter provision construed in the foregoing decision and the terms of the provision of section 4149b allowing the removal of a fish and game warden appointed for a fixed term under the law only for cause. Under such provision of the code the respondent could only be legally removed after an opportunity to be heard on charges preferred against him. Nor is it necessary to discuss the Carter case because it is fully considered in the Bannerman case and the doctrine announced there is shown to have no application to a provision of law with reference to the removal of officers for cause such as is involved here.

It therefore follows under the foregoing decision that the action of the board of supervisors in as far as it attempted to remove plaintiff from the office of fish and game warden, without charges made and notice thereof and an opportunity to be heard, was void, and petitioner still held the office of fish and game warden during the month of June, was entitled to whatever amount his salary as such was, and to a writ compelling the auditor to draw a warrant on the treasurer therefor.

But while the attempt of the board to remove him as fish and game warden was void, we are satisfied that the order of the board, in as far as it was directed against him as fire warden

was valid. Of course the board of supervisors could not revoke his appointment as fire warden because that came officially from the state forester. The board had, however, on January 4, 1909, when it made the order appointing him fish and game warden also formally appointed him fire warden for two years at an aggregate salary in his dual capacities of one hundred dollars a month. The only purpose of designating him an appointee of the board as fire warden for the county of Santa Cruz was to authorize payment for his services as such from the county, which was all the board was authorized to do.

It was a matter of volition with the board, however, whether in the first instance it would compensate a fire warden at all and in what amount and for how long. It might provide for it at pleasure and revoke it at any time it saw fit, and all that the order of the board of May 18, 1909, amounted to, as far as it affected petitioner's office as fire warden, was to withdraw any further compensation to him as such warden after June 1, 1909, and this the board had undoubtedly the right to do. Even treating respondent as an appointee of the board to the office of fire warden, as the law does not fix any term for which such appointment is to be made, he could hold it only during the pleasure of the board, as he would come within the general rule that where no definite time of appointment is fixed by law for which an appointee shall hold, the board or officer who makes it may revoke the appointment at pleasure without notice or charge; that the pleasure of the appointing officer or board is the measure of the appointee's term. (Throop on Public Officers, sec. 354; Mechem on Officers, sec. 445.)

Now as to validity of the judgment requiring the auditor to draw a warrant in the amount of one hundred dollars in favor of petitioner for the month of June, 1909.

It is quite obvious from the conclusion that we have reached that the court should not have ordered the warrant drawn for that amount. The office of the fish and game warden is a county office (Pol. Code, sec. 4013), having a fixed term and a definite salary of fifty dollars a month, with the additional proviso that the board may further allow the expenses of the said fish and game warden in an amount not exceeding twenty-five dollars monthly. As a county officer petitioner was en-

titled to have a warrant drawn for his salary for each month, as a warrant for the salary of other county officers is drawn. Any amount claimed by him as expenses must be presented to the board of supervisors for allowance, which it is conceded in the case at bar was not done by the petitioner. In fixing the compensation of petitioner at one hundred dollars a month, the board of supervisors, as the salary of fish and game warden could only be fifty dollars a month, must have allowed the additional sum of fifty dollars for his compensation as fire warden. But as the order revoking his allowance as such fire warden, which was the practical effect of the order of May 18, 1909, was valid, and the order revoking his appointment as fish and game warden void, he was only entitled to have drawn in his favor a warrant for fifty dollars for the month of June, 1909, for the salary fixed by law as fish and game warden, and a warrant for that sum is all that the court should in its judgment have directed the auditor to draw.

The judgment is therefore reversed with instructions to the superior court to modify its judgment by directing the auditor to draw a warrant on the treasurer in favor of petitioner for fifty dollars only for his salary as fish and game warden for the month of June, 1909, and as so modified the judgment is affirmed. The appellant to recover his costs.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.