[Civ. No. 30895. First Dist., Div. One. Jan. 17, 1973.]

JERRY MAHONEY, Plaintiff and Appellant, v.
SAN FRANCISCO CITY AND COUNTY
EMPLOYEES' RETIREMENT BOARD, Defendant and Respondent.

---

## COUNSEL

Davis, Cowell & Bowe and Philip Paul Bowe for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Donald J. Garibaldi, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—Appellant Jerry Mahoney, a member of the San Francisco Fire Department, applied to respondent San Francisco City and County Employees' Retirement Board for industrial disability retirement benefits pursuant to section 171.1.3 of the city's charter. Section 171.1.3, as relevant, provides that: "Any member of the fire department who becomes incapacitated for the performance of his duty by reason of any bodily injury received in, or illness caused by performance of his duty, shall be retired . . . ."

Mahoney's application was denied following a hearing before the retirement board. His petition for a writ of mandate (Code Civ. Proc., § 1094.5) by which he sought to reverse the action of the board was denied by a judgment of the superior court. He appeals from that judgment.

Three questions were posed for the retirement board's consideration, as follows: 1. Did Mahoney's alleged disabling injury occur in the performance of his duties? 2. Was he incapacitated from the performance of his duties? 3. Was his refusal to submit to surgery for the purpose of removing his disability, reasonable?

Without findings, formal or informal, the retirement board denied Mahoney's retirement application.

Under the law, as conceded by the parties, the board's decision must stand if it was supported by substantial evidence. (See *Flaherty* v. *Board of Retirement,* 198 Cal.App.2d 397 [18 Cal.Rptr. 256]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 220, p. 3977.)

Mahoney contends that the retirement board was required to make such findings as would enable a reviewing court to determine whether its factual determinations supported the rejection of his application. Failure so to do, he argues, amounts to a denial of due process.

Relying on *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 323 [144 P.2d 4], the respondent board replies: "There is no statutory requirement that respondent make findings of fact and, consequently, respondent's failure to make such findings cannot constitute a denial of due process. . . ."

We are here concerned with a decision of a local administrative agency. Such decisions are expressly made judicially reviewable by Code of Civil Procedure section 1094.5. They will be set aside as an abuse of discretion

if the *"decision is not supported by the findings, or the findings are not supported by the evidence."* (Italics added; § 1094.5, subd. (b).) *Temescal Water Co.* v. *Dept. Public Works,* 44 Cal.2d 90, 100-101 [280 P.2d 1], makes it clear that these statutory provisions are applicable to local administrative agencies such as the respondent retirement board.

In *Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, 871 [206 P.2d 355], the court stated: "The necessity for findings by an administrative agency may rest upon constitutional grounds . . . , or, as here, upon a statutory requirement. The *basic purposes of findings are to aid the court in determining whether there is sufficient evidence to support them . . . ; to enable the court to examine the decision of the administrative agency in order to determine whether it is based upon a proper principle . . . ;* and to apprise the litigants or parties in regard to the reason for the administrative action as an aid to them in deciding whether additional proceedings should be initiated and, if so, upon what grounds . . . ." (Italics added.)

Nevertheless, local administrative agencies are not necessarily held to the higher standards of others, or of courts. Recognizing "that they are often the product of laymen operating in an unfamiliar field," findings of such an agency may be of an informal nature. (*Steele* v. *L. A. County Civil Service Com.,* 166 Cal.App.2d 129, 136 [333 P.2d 171]; see also *Swars* v. *Council of City of Vallejo, supra,* 33 Cal.2d 867, 872; *Orinda Homeowners Committee* v. *Board of Supervisors,* 11 Cal.App.3d 768, 775 [90 Cal.Rptr. 88]; *County of Santa Barbara* v. *Purcell, Inc.,* 251 Cal.App. 2d 169, 177 [59 Cal.Rptr. 345]; *Sobo* v. *Board of Police Commissioners,* 145 Cal.App.2d 783, 788 [303 P.2d 104].) Speaking of the application of Code of Civil Procedure section 1094.5 in the context of a local administrative board ruling, this court in *Hansen* v. *Civil Service Board,* 147 Cal.App.2d 732, 735 [305 P.2d 1012], stated: "This does not read like a mandate that every administrative agency, state or local, must formulate specific findings of fact and record them in writing. It merely assumes, naturally, that an administrative agency makes findings of fact in the process of conducting a hearing, receiving evidence and rendering a decision. It does not lay down any formal requirements as to the making of such findings; e.g., it does not say that they need be in writing or, if in writing, that they must be separately stated."

An express statement of findings by such an agency will be excused altogether where such findings are implied from the decision. This has been referred to as a presumption that the finding if made would have supported the decision. (See *City of San Marino* v. *Roman Catholic Arch-*

*bishop,* 180 Cal.App.2d 657, 671 [4 Cal.Rptr. 547]; *Miller* v. *Planning Commission,* 138 Cal.App.2d 598, 603 [292 P.2d 278]; *Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471, 479 [197 P.2d 218].) But it is emphasized in *Bailey* v. *County of Los Angeles,* 46 Cal.2d 132, 136 [293 P.2d 449], that such findings must be *necessarily* implied from the decision, as where the "only finding which could here have been made was that the proposed ordinance was necessary for the general public welfare and interest." This rule of presumed findings will obviously not apply where the decision might be based on one or more of several theories, each relating to different factual considerations. For in such event a reviewing court is unable to "determine whether there is sufficient evidence to support" the presumed findings, or if the decision is "based upon a proper principle." (See *Swars* v. *Council of City of Vallejo, supra,* 33 Cal.2d 867, 871.)

We have considered the case relied upon by the retirement board, *Lindell Co.* v. *Board of Permit Appeals, supra,* 23 Cal.2d 303, which states: " 'In connection with the action of such a commission, composed usually of laymen, the fact that a certain action is taken raises the presumption that the existence of the necessary facts had been ascertained and found.' " But an examination of that opinion and the authority on which it in turn relies, makes it clear as we have pointed out, that the presumption applies where a factual finding is *necessarily* implied by the administrative agency's decision. In effect, the court there concluded that a decision of the Board of Permit Appeals *by necessary implication* found (pp. 323-324) "that the broad public interest required the denial of the building permits as sought by the petitioner [Lindell Co.] . . . ." Multiple issues, such as exist in the case at bench, were not there concerned.

It has also been said that the real test of the sufficiency of administrative findings is "whether appellant has been prejudiced by informalities or other inadequacies of same." (*Steele* v. *L. A. County Civil Service Com., supra,* 166 Cal.App.2d 129, 137; see also *Bailey* v. *County of Los Angeles, supra,* 46 Cal.2d 132, 136; *Cantrell* v. *Board of Supervisors, supra,* 87 Cal.App.2d 471, 479.)

Finally, the court in *Temescal Water Co.* v. *Dept. Public Works, supra,* 44 Cal.2d 90, 102, held:

"If in fact the [administrative] findings are insufficient to allow a fair review of the decision, the defect may be corrected by a writ of mandate under section 1094.5."

We now apply these rules to the decision of the retirement board.

We advert to the three issues before the board which we have stated *ante*.

For ought we know, the board's decision might have been based on a finding that Mahoney's disability was not duty-incurred, while its findings as to issues 2 and 3 were in his favor. If such were the case the board's decision was unsupported, for our examination of the record indicates no evidence to justify such a finding as to issue 1. Or the board might have determined Mahoney's failure to submit to surgery to have been unreasonable, while finding in his favor on the other issues. If so, its ultimate decision was supported, for on the present record we find an evidentiary conflict as to that issue which we would presume to have been resolved against Mahoney. (See *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Etsates, Inc.*, 66 Cal.2d 782, 784-785 [59 Cal.Rptr. 141, 427 P.2d 805].)

From the foregoing it becomes clear, on the record before us, that it is impossible to determine whether the *factual determinations* made by the board in this case, do, or do not, support its denial of Mahoney's application. Nor are we able to examine the decision of the board "in order to determine whether it is based upon a proper principle . . . ." (See *Swars* v. *Council of City of Vallejo, supra*, 33 Cal.2d 867, 871.) The lack of any findings by the board has deprived Mahoney to his prejudice of any fair or meaningful review of its decision. And reasonably, his retirement rights whatever they may be, should not rest on the fiction that the board decided *all issues* against him, when common understanding tells us that such may not, and need not, have been the case.

Under *Temescal Water Co.* v. *Dept. Public Works, supra*, 44 Cal.2d 90, 102, and the other authority we have discussed, the judgment of the lower court must be reversed. The cause will be remanded to the retirement board for a new hearing on Mahoney's disability retirement application and for appropriate findings thereon. (See *Fascination, Inc.* v. *Hoover*, 39 Cal.2d 260, 268 [246 P.2d 656].) For the purpose of that hearing we have not passed upon the weight, sufficiency or admissibility of any evidence which might there again be adduced.

It becomes unnecessary to our determination of this appeal to consider other points raised by the parties.

The judgment is reversed. The superior court will remand the cause to

respondent Retirement Board of the City and County of San Francisco, for proceedings not inconsistent with this opinion and decision.

Molinari, P. J., and Weinberger, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.