Opinion
 

 CALDECOTT, P. J.
 

 Curtis Jean appeals from a judgment denying his petition for a writ of mandate.
 
 [1]
 
 The respondent, San Francisco Civil Service Commission, contends that the petition was denied because Code of Civil Procedure section 1094.5 does not apply unless a hearing is required by law at which evidence must be taken. The respondent maintains that the relevant provision of the Charter of the City and County of San Francisco, section 8.340, does not provide for such a hearing.
 

 On February 18, 1975, petitioner Jean was certified to the Municipal Railway of San Francisco. Prior to that date, he had been on the eligibility list for the position of S104 Motorman, 339/E-l 11. On that date, he requested a deferment, which was granted until April 16, 1975. At the time he requested the deferment, he informed the municipal railway that he had been hospitalized in February 1975 for chest pains. The railway arranged to have Jean examined by one of their physicians in order to determine whether he was medically fit to assume the duties of motorman. The examining physician expressed uncertainty as to the exact cause of Jean’s hospitalization and recommended that he return to employment. Jean commenced his six-month probationary appointment with the municipal railway, as provided by charter section 8.340. While performing his duties as a motorman, Jean was placed on a schedule of over 10 hours per day, the limit imposed by section 125 of the Charter of the City and County of San Francisco. On August 6, 1975, Jean gave Joseph Crossley, the Potrero superintendent, a letter from a doctor at the Veterans Administration which said that he could only work eight hours a day during the day. When he wás told by Mr. Crossley that this could
 
 *105
 
 not be arranged, Jean told the supervisor that unless he could have this type of work, he might have another recurrence of a heart attack. On August 8, 1975, Jean received a letter from Curtis Green, the San Francisco Municipal Railway General Manager, giving him notice of the termination of his probationary appointment for violation of rule 5—incompetence and inattention to duties—of the San Francisco Railway Rule Book.
 
 [2]
 
 The termination was effective August 6, 1975. Prior to this date, Jean had received no comment, either written or oral, notifying him that his actions constituted incompetence or inattention to duties.
 

 Pursuant to the charter section 8.340, Jean came before the civil service commission on February 2, 1976. At that time, Jean submitted oral and documentary evidence supporting his physical condition and challenging the termination on grounds that he was neither incompetent nor inattentive to his duties. The determination of the commission was that Jean should be examined by a doctor of their choice and that they would reconvene after a medical report could be reevaluated. On February 17, 1976, the commission reconvened and approved Jean’s termination and ordered that he not be certified to any position involving operation of transit equipment.
 

 On March 24, 1976, pursuant to rule 5, section 5.06 of the San Francisco Railway Rule Book; Jean requested reconsideration of his termination. On May 5, 1976, the civil service commission denied his request.
 

 I
 

 The key issue on appeal is whether the trial court erroneously denied appellant’s request for an administrative mandamus, pursuant to Code of Civil Procedure section 1094.5.
 

 Section 1094.5 of the Code of Civil Procedure provides that administrative mandamus is available to review a decision made by an agency as a result of a proceeding in which, by law: 1) a hearing is required to be given; 2) evidence is required to be taken; and 3) discretion in the determination of facts is vested in the agency. (See Cal. Administrative
 
 *106
 
 Mandamus (Cont.Ed.Bar) § 2.2, p. 10;
 
 Keeler
 
 v.
 
 Superior Court,
 
 46 Cal.2d 596, 599 [297 P.2d 967].)
 

 Jean maintains that under the applicable provisions of the Charter of San Francisco and the rules of the civil service commission, the decision of the commission was a result of a proceeding which met all three of the above requirements.
 

 The first question is whether a hearing is required before the civil service commission in order to terminate a probationary employee in an entrance classification. Rule 6.03
 
 [3]
 
 of the civil service commission states that termination of such an employee shall be in accordance with section 8.340 of the Charter of San Francisco, and rule 6.01 of the civil service commission. Section 8.340 of the charter provides: “Any (appointment) person appointed to a (position declared permanent by the civil service commission) permanent position shall be on probation for a period of six months .... At any time during the probationary period the appointing officer may terminate the appointment, upon giving written notice of such termination to the (employees) employee and to the civil service commission specifying the reasons for such termination. ... [T]he civil service commission shall inquire into the circumstances. If the appointment resulted from an entrance examination the commission may declare such person dismissed or may return the name to the list of eligibles under such conditions for further appointment as the commission may deem just. If the appointment resulted from a promotional examination the employee shall have the right of appeal and hearing before the civil service commission. The commission shall render a decision within thirty days after receipt of the notice of termination and (a) may declare such person dismissed; or (b) order such person reinstated in his position without prejudice, and the commission may in its discretion order that the employee be paid salary from time of the termination of his appointment; or (c) order the return of such person to the position from which he was promoted. The decision of the commission shall be final. Immediately prior to the expiration of the probationary period the appointing officer shall report to the civil service commission as to the competence of the probationer for the position, and if competent, shall recommend permanent appointment.”
 
 *107
 
 Under this provision, a probationary employee in an entrance classification may be terminated by the appointment officer only upon written notice to the employee and to the civil service commission. The commission then
 
 shall inquire
 
 into the circumstances surrounding the termination. Rule 6.01 details the information that must be included in the notice and the scope of the commission’s review at the inquiry:
 

 “Rule 6
 

 “Disciplinary Hearings
 

 “Section 6.01 Procedure for Termination of Regular Temporary Employee.
 

 “A regular temporary employee may be
 
 terminated for cause
 
 by an appointing officer at any time. A notice of termination on the proper Personnel Department form, from the appointing officer to the employee detailing the specific reason(s) for the termination, shall serve as official notice of such termination. The notice of termination shall be sent by certified mail. A copy of the termination form must be filed in the Personnel Department. The termination must be approved in accordance with Section 3.501 of the Charter.
 

 “The notice of termination must include the following information:
 

 “a) That the regular temporary employee has a right to an
 
 inquiry
 
 before the Civil Service Commission
 
 in regard
 
 to his
 
 future employability
 
 with the City and County of San Francisco.
 

 “b) That the regular temporary employee has a right to be personally represented by an attorney or authorized representative of his own choice at the
 
 inquiry.
 

 “c) That the regular temporary employee will be notified a reasonable time in advance of the
 
 inquiry
 
 about the date, time and place of the inquiry.
 

 “d) That the regular temporary employee, his attorney or authorized representative may inspect those records and materials in the Civil Service Commission office which relate to the termination.
 

 “e) Any interested party may request a
 
 continuance of the inquiry.
 

 
 *108
 
 “The stated
 
 reason(s) for the termination
 
 must be enumerated. Records of warnings, reprimands and previous suspensions, if applicable to the instance of termination, must be attached to the termination form.
 

 “The appointing officer or his representative who has personal knowledge of the facts which constitute the basis for the termination shall appear when the matter is to be considered by the Commission. The matter will be heard in accordance with Rule 5, Section 5.13. Interested parties
 
 may record the inquiry
 
 if they provide the necessary equipment.
 

 “The Commission thereupon shall take one or more of the following actions:
 

 “a) Declare the person
 
 dismissed
 
 from the service and remove the name of the person from the eligible list.
 

 “b) Order the name of the person removed from any other list or lists on which he has eligibility.
 

 “c) Restrict participation in further examinations as it deems appropriate.
 

 “d) Return the name of the person to the eligible list from which appointed without restriction, or under such conditions for further appointment as it deems appropriate. (Amended 5-7-73.)” (Italics added.)
 

 Rule 6.01 also provides that the inquiry be heard in accordance with rule 5, section 5.13.
 

 “Rule 5
 

 “General Hearing and Meeting Procedure
 

 “Section 5.13 Order of Presentation
 

 “The proponents of any calendared matter, who, in a hearing under Rule 6, shall be the appointing officer or his authorized representative, shall first present their supporting arguments. The opponents of any calendared matter who, in a hearing under Rule 6, shall be the terminated employee, his attorney or authorized representative shall
 
 *109
 
 then have the opportunity to present their arguments in opposition. The proponents and the opponents shall have the right to:
 

 “1. Call a reasonable number of witnesses;
 

 “2. Ask relevant questions of opposing parties and their witnesses; and
 

 “3. Present closing arguments.
 

 “The Civil Service Commission shall formally indicate when the taking of evidence at the hearing is closed. Thereafter, no taking or receipt of further evidence, information or documents shall be permitted without the express approval of the Civil Service Commission and without first apprising all parties involved in the hearing of such evidence, information or documents. (Amended 5-7-73.)’’ A hearing has been defined as any oral proceeding before a tribunal. (1 Davis, Administrative Law Treatise, § 7.01.)
 

 The right of a probationary employee to a hearing is not a constitutional right, but it may be granted or denied by statute.
 
 (Tucker
 
 v.
 
 S. F. Unified School Dist.
 
 (1952) 111 Cal.App.2d 875 [245 P.2d 597].) In those instances in which a statute is silent and agency action is discretionary, the modern line of cases have found some provision in the questioned statute to require a hearing by implication. (Cal. Administrative Agency Practice (Cont. Ed. Bar) § 1.25, pp. 21-22.) In
 
 Keenan
 
 v.
 
 S. F. Unified School Dist.
 
 (1950) 34 Cal.2d 708 [214 P.2d 383], a probationary teacher in San Francisco was dismissed by the board of education because of a physical disability. The teacher
 
 appealed
 
 from a judgment denying a writ of mandate which would have required the board to reemploy and certify her as a permanent elementary school teacher. The California Supreme Court, in holding that she was entitled to a hearing, stated: “it has repeatedly been held \ .. that if by statute an officer or civil service employee may not be removed or discharged except for cause, the clear implication is that there be afforded an opportunity for a full hearing to accomplish his removal; that unless the statute expressly negatives the necessity of a hearing, common fairness and justice compel the inclusion of such a requirement by implication.’
 
 (Steen
 
 v.
 
 Board of Civil Service Commrs.,
 
 26 Cal.2d 716, 723 [160 P.2d 816]); see, also,
 
 Ratliff
 
 v.
 
 Lampton,
 
 32 Cal.2d 226 [195 P.2d 792];
 
 Covert
 
 v.
 
 State Board of Equalization,
 
 29 Cal.2d 125 [173 P.2d 545];
 
 Carroll
 
 v.
 
 California Horse Racing Board,
 
 16 Cal.2d 164 [105 P.2d 110];
 
 Welch
 
 v.
 
 Ware,
 
 161 Cal. 641. . . .”
 
 (Keenan,
 
 at p. 714.)
 

 
 *110
 
 Based on our reading of section 8.340 of the charter, the applicable rules of the civil service commission and the
 
 Keenan
 
 decision, we conclude that Jean was entitled to a hearing. Charter section 8.340 does not detail the procedural differences of an
 
 inquiry
 
 for entrance classification employees from that of a
 
 hearing
 
 for promotional classification employees. Thus, the commission is empowered
 
 [4]
 
 to conduct such an inquiry in any reasonable manner it may choose. An administrative body’s interpretation is controlling unless it is plainly erroneous.
 
 (Immigration Service
 
 v.
 
 Stanisic
 
 (1969) 395 U.S. 62 [23 L.Ed.2d 101, 89 S.Ct. 1519].) The civil service commission, in its rules, has chosen to interpret inquiry as an informal hearing. Rule 6.03 states that the' notification and
 
 hearing
 
 procedures
 
 for
 
 termination of probationary employees in an entrance classification are governed by charter section 8.340 and rule 6.01. Section 6.01 provides in its opening sentence for termination only
 
 “for cause”
 
 This rule also states that the inquiry procedure must be in accordance with rule 5.13. Rule 5.13 provides for a
 
 hearing
 
 in which both the appointing officer and terminated employee have an opportunity to present their arguments, and to call and question witnesses.
 

 As the charter does not specify the procedures to be followed for an inquiry and the interpretation by the commission is a reasonable one, we find no basis on which to reject the rules adopted by the commission. Accordingly, Jean is entitled to a hearing.
 
 [5]
 

 
 *111
 
 Respondent summarily maintains, without discussion, that the second and third requirements for seeking relief under section 1094.5 of the Code of Civil Procedure, have not been met. We reject both of these contentions. Under rule 5.13 the commission is obliged to hear any evidence presented by the opposing parties. The record indicates that at the inquiry Jean submitted both oral and documentary evidence supporting his physical condition and challenging the termination on grounds that he was neither incompetent nor inattentive to his duties. With regard to the third requirement, the commission is vested under section 8.340 of the charter with discretionary power to either declare a person dismissed or to return the name to the list of eligibles under such conditions for further appointment as the commission deems just. In view of these facts, we conclude that the trial court erroneously denied Jean’s petition for administrative mandamus under section 1094.5 of the Code of Civil Procedure.
 

 II
 

 Respondent concedes that if section 1094.5 applies, the commission would normally be obligated to make findings in support of its determination. (See
 
 Hadley
 
 v.
 
 City of Ontario
 
 (1974) 43 Cal.App.3d 121 [117 Cal.Rptr. 513].) However, the commission contends that this case falls under the principle stated in
 
 Mahoney
 
 v.
 
 San Francisco City etc. Employees’ Ret. Bd.
 
 (1973) 30 Cal.App.3d 1 [106 Cal.Rptr. 94], In
 
 Mahoney,
 
 petitioner filed a writ of mandate under section 1094.5 after the retirement board denied his industrial disability retirement benefits under section 171.1.3 of the city’s charter. Mahoney contended that the board’s failure to make findings amounted to a denial of due process. The court concluded that the lack of findings by the board did in fact deprive Mahoney of any fair or meaningful “review” of the decision. In reaching this conclusion, however, the court reiterated that findings of an agency “may be of an informal nature” and that they need not be in writing. In fact, “[a]n express statement of findings by such an agency will be excused altogether where such findings are
 
 implied
 
 from the decision.”
 
 (Supra,
 
 at p. 4.)
 

 
 *112
 
 The commission argues that “the instant case presents a classic situation” in which the rule stated in
 
 Mahoney
 
 should be applied, as “only one set of findings could possibly bridge the analytic gap between the evidence before Respondent and its decision.”
 

 In making this argument, the commission overlooks the fact that “[t]his rule of presumed findings will obviously not apply where the decision might be based on one or more of several theories, each relating to different factual considerations.”
 
 (Mahoney,
 
 at p. 5.) Here, Jean was initially given a formal notice of termination on grounds of incompetence and inattention to duties. The commission, in upholding the termination, appears to have also considered his physical condition. It is unclear whether both the physical condition and the alleged violation of rule 5 entered into the termination decision or solely Jean’s physical condition. Where there are two contrary grounds for termination, each of which relate to different factual matters, this clearly is not a situation in which to invoke the implied findings rule stated in
 
 Mahoney.
 
 Thus, the remaining question is whether Jean was prejudiced by the failure of the commission to make findings of fact.
 

 “The basic purpose of findings are [sic] to aid the court in determining whether there is sufficient evidence to support them
 
 (Atchison, T. & S. F. Ry. Co.
 
 v.
 
 Commerce Comm.,
 
 335 Ill. 624 . . .); to enable the court to examine the decision of the administrative agency in order to determine whether it is based upon a proper principle
 
 (United States
 
 v.
 
 Chicago, M., St. P. & P. R. Co.,
 
 294 U.S. 499 . . .); and to apprise the litigants or parties in regard to the reason for the administrative action as an aid to them in deciding whether additional proceedings should be initiated and, if so, upon what grounds
 
 (Beaumont, S. L. & W. Ry. Co.
 
 v.
 
 United States,
 
 282 U.S. 74, 86 . . .).”
 
 (Swars
 
 v.
 
 Council of City of Vallejo
 
 (1949) 33 Cal.2d 867, 871 [206 P.2d 355].) The absence of findings has placed Jean at a significant disadvantage in preparing his case and has also hampered this court’s ability in reviewing the evidence in support .of the commission’s decision to terminate Jean. Furthermore, we note that Jean’s future employability may be negatively affected by a dismissal for a disciplinary violation if in fact the dismissal was for medical reasons. In view of these facts, we conclude that Jean was prejudiced by the commission’s failure to make findings of fact and that in the absence of this error, a result more favorable to him would have been reached.
 

 
 *113
 
 The judgment is reversed and the cause remanded to the trial court to direct respondent civil service commission to make findings of fact and to enter its decision in accordance with said findings.
 

 Rattigan, J., and Christian, J., concurred.
 

 [1]
 

 The appeal was taken from the order denying the petition for writ of mandate, a nonappealable order. However, since the judgment has been entered we will treat the appeal as being from the judgment.
 
 (Shonkoff v. Dant Inv. Co.
 
 (1968) 258 Cal.App.2d 101 [65 Cal.Rptr. 463].)
 

 [2]
 

 Rule 5 of the San Francisco Railway states: “Incompetence, habitual intemperance, immoral conduct, insubordination, discourteous treatment of the public, fighting, repeated garnishment or assignment of wages, mishandling fares, dishonesty, inattention to duties or violation of any of these rules will be sufficient cause for charges for disciplinary action involving suspension or, if appropriate, dismissal.”
 

 [3]
 

 Rule 6.03 states in its entirety: “Section 6.03 PROCEDURE FOR TERMINATION OF PROBATIONARY EMPLOYEE IN AN ENTRANCE CLASSIFICATION. A probationary employee serving in an entrance classification may be terminated by the appointing officer at any time during the probationary period. The notification and hearing procedures shall be in accordance with Section 8.340 of the Charter and with the provisions of Rule 6, Section 6.01.”
 

 [4]
 

 Under section 3.661 of the charter, the commission is empowered to “adopt rules to carry out the civil service provisions of this charter and,
 
 except as otherwise provided in this charter,
 
 such rules shall govern.” (Italics added.)
 

 [5]
 

 Respondent asserts that Jean was not entitled to a hearing under section 8.340. In so arguing, it notes that this section has an express requirement of a hearing in the case of termination of a probationary employee in a promotional classification, but omits any such requirement where termination involves a probationary employee in an entrance classification. In response to this argument, we refer to the reasoning of the Supreme Court in
 
 Carroll
 
 v.
 
 California Horse Racing Bd., supra,
 
 16 Cal.2d 164. In that case, the board argued that the statute expressly required notice and hearing in the case of the removal of a member of the board, but omitted any such requirement where the suspension or revocation of a trainer’s license was concerned. This omission, the board contended, indicated a legislative intent not to require notice and hearing. The court, in rejecting this argument, stated: “This argument, although not without persuasive force, fails to give effect to the provision in section 3, that no license may be revoked ‘without just cause.’ This phrase is familiar in licensing statutes, and has been generally recognized as implying a right to notice and hearing. It would be difficult to give it any other interpretation, for the determination of ‘just cause’ necessarily requires a fair consideration of any evidence offered by the accused. As the court said in
 
 State
 
 v.
 
 Louisiana State Boxing Com.,
 
 162 La. 418 [112 So. 31, 33], holding that a license to conduct boxing matches could not be revoked without notice and hearing: ‘Since it is contrary to all legal principles and against the spirit of common fairness to condemn any individual upon any charge without giving an opportunity to meet and disprove it, and
 
 *111
 
 since the statute does not in express terms dispense with notice and hearing, we think by fair implication when it restrains the right of revocation by the commission for cause only, it necessarily means for any cause which the commission may determine justifies such action after notice and hearing to the licensee to appear and answer any charge or complaint lodged against him.’ [¶ This decision is clearly in point. A number of California cases, dealing with powers to act ‘for cause,’ are to the same effect. (See
 
 Bannerman
 
 v. Boyle, 160 Cal. 197 [116 Pac. 732];
 
 Welch
 
 v.
 
 Ware,
 
 161 Cal. 641 [119 Pac. 1080];
 
 Knights of Ku Klux Klan
 
 v.
 
 Francis,
 
 79 Cal.App. 383 [249 Pac. 539].)”
 
 (Carroll,
 
 at p. 167.)