[Civ. No. 54136. First Dist., Div. Three. Feb. 14, 1984.]

STATEN M. JOHNSTON, Plaintiff and Appellant, v.
TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY AND
COLLEGES et al., Defendants and Respondents.

COUNSEL

Bernard L. Allamano, Gary P. Reynolds and M. Jeffrey Fine for Plaintiff and Appellant.

George Deukmejian, John K. Van de Kamp, Attorneys General, and Stephanie Wald, Deputy Attorney General, for Defendants and Respondents.

OPINION

**SCOTT, Acting P. J.**—This appeal is from a judgment denying a petition for writ of mandate, in which appellant challenged his rejection during probation from his position as a financial manager II at San Jose State University.

Appellant Staten Johnston, who had been employed as a financial manager I at San Francisco State University, commenced employment with San Jose State University (University) on March 21, 1977. He was informed that a two-year probationary period was a prerequisite to permanent status. On January 19, 1979, he was notified that he was "rejected during [his] probationary period" effective April 20, 1979.

He appealed the rejection through the University's grievance procedure, a four-level review process. At the first two levels, the rejection was upheld. At the third level, the grievance committee recommended reinstatement and withdrawal of the rejection. However, the president of the University disagreed with that recommendation. Appellant then proceeded to the fourth level of review, a hearing before an appeal officer.

The appeal officer was authorized to determine if the president's disagreement was justified; if it was not, the committee's recommendation was to be adopted as the appeal officer's decision.[1] Instead of making that determination, however, the officer upheld appellant's rejection on the grounds

---

[1] According to the grievance procedure, the president's disagreement with the committee is justified (1) if the committee recommendations were not consistent with, and supported by, the findings; or (2) if the procedure was "so departed from, or erroneously applied, as to have had a substantially prejudicial effect" upon the committee's findings, conclusions, or recommendations; or (3) if the committee "recommended a remedy or remedies beyond the authority of the President or contrary to the laws of California or the United States . . . ."

that the authority to determine whether appellant should have been retained rested solely with the appointing power, and that the committee was limited to determining whether appellant had been rejected for exercising his constitutional rights or because of his race, color, creed, or religion.

Appellant then petitioned for writ of mandate, seeking either adoption of the grievance committee's recommendation or remand for consideration of whether he had already attained permanent status when he was rejected and whether he was entitled to return to his former classification of financial manager I. The petition was denied and this appeal followed.

I

 First, appellant contends that he could only be terminated for "reasonable cause," that he was entitled to a hearing before the grievance committee on the matter, and that the president of the University improperly rejected the grievance committee's recommendations.

 A public employee serving at the pleasure of the appointing authority may constitutionally be terminated without judicially cognizable good cause and without a hearing. (*Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771, 782-783 [97 Cal.Rptr. 657, 489 P.2d 537].)[2] Nevertheless, a probationary employee may be protected by statute or other legislation which prohibits his or her removal except for cause, and which entitles him or her to a hearing. (See, e.g., *Jean* v. *Civil Service Commission* (1977) 71 Cal.App.3d 101, 109 [139 Cal.Rptr. 303].)

 None of the statutes or administrative regulations[3] governing the employees of California State University and Colleges provide that a probationary employee may be rejected from probation only for cause; nor does any statute or regulation require a hearing for a rejected probationary employee. (See Ed. Code, §§ 89500-89561 and Cal. Admin. Code, tit. 5, §§ 42700-43800.)[4] While it is true that the University's staff handbook does

---

[2] This rule is qualified, of course, by the principle that public employment, even of a probationary employee or one serving at the pleasure of the appointing authority, may not be conditioned upon a waiver of constitutional rights absent a showing of compelling public interest. (*Bogacki* v. *Board of Supervisors, supra,* 5 Cal.3d at p. 782.) Appellant made no claim that he was terminated for such an impermissible reason.

[3] The Legislature has authorized the trustees of California State University and Colleges to adopt rules and regulations governing their employees. (Ed. Code, §§ 89030, 89500.)

[4] We note that the Education Code provides that both permanent and probationary employees can be *dismissed* for any of several enumerated causes, including incompetency. (Ed. Code, § 89535.) An employee dismissed for cause is entitled to request a hearing by the State Personnel Board. (*Id.,* § 89539.) As appellant does not contend that he was dismissed pursuant to section 89535, we need not explore the difference between the "dismissal" of a probationary employee and his or her "rejection from probation."

proclaim that a probationary employee may be rejected for "reasonable causes," that statement is not expressed in the regulations adopted by the University's trustees, and does not have the force of law. (See *Zumwalt* v. *Trustees of Cal. State Colleges* (1973) 33 Cal.App.3d 665, 673 [109 Cal.Rptr. 344].)

Appellant focuses on the "Grievance Procedure for Nonacademic and Administrative Employees," prescribed by the chancellor, by executive order, at the direction of the trustees (Cal. Admin. Code, tit. 5, § 43775), and which is part of appellant's employment contract. (*Ofsevit* v. *Trustees of Cal. State University & Colleges* (1978) 21 Cal.3d 763, 771 [148 Cal.Rptr. 1, 582 P.2d 88].) The grievance procedure's purpose, as stated in its first paragraph, is "to provide employees the opportunity to settle problems arising in the course of their employment in a fair and orderly fashion if such problems cannot be settled informally." The stated scope of that procedure is broad; it "may be used whenever an employee believes he/she has been personally adversely affected by any action taken by her/his appointing authority" in several itemized matters, including retention. As appellant argues, a decision to reject a probationary employee would appear to be an action adversely affecting that employee with respect to retention.

Appellant reasons that if he is entitled to a hearing on a retention issue, the necessary implication is that he could only be rejected from probation for good cause. Therefore, he argues, the hearing officer should have determined whether the president's rejection of the grievance committee's recommendation was justified. However, the existence of the grievance procedure cannot be construed to nullify the president's power to reject a probationary employee at any time, subject only to the limitation that public employment may not be conditioned upon a waiver of constitutional rights. (See *Bogacki* v. *Board of Supervisors, supra,* 5 Cal.3d 771, 782.) The rules by which the trustees delegate power to the chancellor also prescribe the limits of that delegation. (Ed. Code, § 89035.) Nothing in the rule authorizing the chancellor to establish a grievance procedure for nonacademic and administrative personnel authorized any change in the power of the appointing authority with respect to the retention of probationary employees. Accordingly, we must agree with respondent that the only retention issues appellant could have pursued through the grievance procedure were whether he had been rejected for an impermissible purpose such as the exercise of a constitutional right, and whether he was entitled to return to the class in which he had previously served. (See discussion, *infra.*)

Appellant also contends that even if the grievance procedure does not restrain the University from terminating him for any reason except a con-

stitutionally impermissible one, an arbitrary termination offends due process. The contention is without merit. We do not agree with appellant that his termination was arbitrary. As we have already discussed, however, even if his rejection were arbitrary, a probationary employee who serves at the pleasure of the appointing power may be dismissed without judicially cognizable good cause without offending the constitution. (*Zumwalt* v. *Trustees of Cal. State Colleges, supra,* 33 Cal.App.3d 665, 677-678, citing *Bogacki* v. *Board of Supervisors, supra,* 5 Cal.3d 771.)

## II

Education Code section 89500 authorizes the trustees to provide by rule for the government of their employees, including but not limited to their classification and their tenure. By rule, the trustees have established several classes of employees: academic, administrative, executive, and nonacademic employees. (Cal. Admin. Code, tit. 5, § 42700, subds. (*l*), (m), (n), (o).) The probationary period of an administrative employee is two years. (*Id.,* § 43580.)

Appellant's position was classified as administrative. Nevertheless, he seems to argue that because the Education Code itself does not define administrative employees, the Legislature intended employees to be classified only as academic or nonacademic and that therefore the above regulations are invalid. He relies on Education Code section 89531, which provides that "nonacademic" employees shall be required to serve a probationary period of only one year, to contend that he was a nonacademic employee and therefore had already achieved permanent status when he was rejected from probation. We disagree.

Where the Legislature has delegated to an administrative agency the responsibility to implement a statutory scheme through rules and regulations, the courts will interfere only where the agency has clearly overstepped its statutory authority or violated a constitutional mandate. (*Ford Dealers Assn.* v. *Department of Motor Vehicles* (1982) 32 Cal.3d 347, 356 [185 Cal.Rptr. 453, 650 P.2d 328].) Education Code section 89500, which authorizes broad rulemaking by the trustees, mentions administrative employees.[5] Section 66609 of the Donahoe Higher Education Act (Ed. Code, § 66011 et seq.) expressly authorizes the trustees to establish and adjust salaries and classifications of academic, nonacademic, *and adminis-*

---

[5]The Education Code will never be cited as a model of drafting accuracy and clarity. While section 89500 refers to a definition of administrative employees in "subdivision (1)(e) of Section 24301 as added by chapter 1010 of the Statutes of 1972," inexplicably, no such definition appears therein.

*trative positions.* (Italics added.) Education Code sections 89551 and 89555 refer to both nonacademic and administrative employees. In short, although no definition of administrative employees appears in the Education Code, it is apparent that the legislative scheme contemplates the existence of such a class of employees, and that the trustees did not exceed their statutory authority when they defined that class by rule.

Relying on *Wiles* v. *State Personnel Board* (1942) 19 Cal.2d 344 [121 P.2d 673], appellant also contends that because his notice of rejection provided for a date of separation after the termination of his probationary period, the notice was not timely and that therefore he became a permanent employee. The contention is without merit. *Wiles* involved termination of a civil service employee pursuant to a provision of the former Civil Service Act. (*Wiles, supra,* at pp. 350-351; see Stats. 1937, ch. 753, § 122, p. 2100; Stats. 1945, ch. 123, § 1, p. 558.) Unlike that provision, the rule governing notice of rejection of probationary administrative employees of California State University and Colleges expressly provides for a date of separation beyond the expiration of the probationary period. (Cal. Admin. Code, tit. 5, § 43585.)

### III

Appellant contends that after his rejection from probation he was entitled to return to his former position or classification as a financial manager I at San Francisco State University. He relies on Education Code section 89533, which provides in relevant part: "(a) Any nonacademic employee shall be required to serve only one probationary period to gain permanent status in a position or in a substantially similar position. If such an employee is *promoted* to a position with substantially different duties or to a position that requires additional duties and abilities, he shall serve an additional probationary period; but if he does not become permanent in the new position, he shall have the right to return to any class in which he was permanent or to the class in which he was serving before his promotion." (Italics added.) A similar provision for administrative employees appears in the administrative code. (Cal. Admin. Code, tit. 5, § 43582.) The grievance committee, the president of the University, and the appeal officer did not make any finding with respect to appellant's return rights, and appellant contends that the matter should be remanded for that determination. We agree.

Respondent argues that appellant has failed to exhaust his administrative remedies with respect to this issue, because he did not raise the question until the third level of the grievance procedure. (See *Tiernan* v.

*Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 5 [188 Cal.Rptr. 115, 655 P.2d 317].) However, nothing in the record indicates that when appellant did raise the issue, respondent objected that the request was untimely or otherwise not properly before the committee; we conclude, therefore, that respondent has waived any objection based on the timing of appellant's request.

██ Where determinative powers are vested in an administrative agency and the court finds that a hearing was denied, it is proper to remand the matter to the agency for further proceedings rather than for the court to decide the matter on the merits. (*Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260, 268 [246 P.2d 656].) It is true that where the record of the administrative proceedings requires as a matter of law that a particular determination be made, remand is unnecessary. (See *Ross Gen. Hosp., Inc.* v. *Lackner* (1978) 83 Cal.App.3d 346, 354 [147 Cal.Rptr. 801].) ██ This is not such a case. Although the record before us strongly suggests that appellant resigned from his first position in order to accept the second, appellant contends otherwise. In light of this factual dispute, we cannot say with certainty what the agency's decision would have been.

Insofar as the judgment denies that portion of appellant's petition seeking remand for a determination of his return rights, the judgment is reversed; the trial court is directed to issue a writ of mandate directing respondent to make that determination. In all other respects, the judgment denying the petition for writ of mandate is affirmed. Each party to bear its own costs.

Feinberg, J., and Barry-Deal, J., concurred.